INTERURBAN RAILWAY COMPANY, Appellee, v. CITY OF VALLEY JUNCTION et al., Appellants.

**MUNICIPAL CORPORATIONS:** Nonowner May Not Enjoin Special
1  Assessment.  Injunction will not lie to restrain all enforcement of a special assessment for paving, at the instance of one who concededly has no interest in the property against which the levy is made, and whose only ground for complaint is that the assessing

authorities have, in making up the assessment, erroneously indicated him as the owner.

**MUNICIPAL CORPORATIONS:** Personal Liability for Assessment.
2   The personal liability of railway companies for special assessments necessarily rests on the company which *owns* the property assessed— not on the company which is indicated in the schedule of assessments as the owner.  (Sec. 840, Code, 1897.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 14, 1920.

The opinion states the case.—*Reversed.*

*Lester L. Thompson* and *Parsons & Mills,* for appellants.

*W. H. McHenry* and *C. R. Bennett,* for appellee.

WEAVER, C. J.—In the year 1904, the Interurban Railway Company obtained a franchise for the extension of its line from the city of Des Moines into the city of Valley Junction.  In December, 1915, the Interurban Railway Company sold and transferred its property and franchise within the limits of Valley Junction to the Des Moines City Railway Company, such conveyance being made by deed to a trustee, who, in turn, conveyed the trust property to the Des Moines Company by deed under date of July 13, 1917.  The property so conveyed included a strip of land abutting upon Fourth Street of Valley Junction. On July 19, 1915, and before the transfer to the Des Moines Company of the property above mentioned, the city council of Valley Junction began proceedings for paving Fourth Street "from the south line of Vine Street north, following the right of way of the Interurban Railway Company to where the same turns east, and thence east to the corporate line" of said city. For that purpose, the council adopted the usual resolution of necessity, and thereafter, on August 27, 1915, enacted an ordinance ordering the construction of the proposed improvement. Bids were advertised for and received, but, on consideration thereof, all bids were rejected.  The project seems to have rested

1.  MUNICIPAL CORPORATIONS: nonowner may not enjoin special assessment.

at this stage of the proceedings until May 1, 1916, when a resolution of necessity was introduced in the council for the paving of certain streets, the description of which included that part of Fourth Street extending from Vine Street north to Hillside Avenue, said avenue, as we infer, being the point where Fourth Street turns to the east. This resolution was adopted, and the paving ordered and bids solicited. On August 7, 1916, all bids received were again rejected, and the matter was ordered indefinitely postponed. On September 4, 1916, the order for postponement was reconsidered, and the proceeding reopened for the reception of further bids. This was followed by the letting of a contract for the construction of the improvement from Vine Street north to Hillside Avenue. In July, 1917, the construction of the paving for the remainder of the route originally described,—that is, Fourth Street from Hillside Avenue east to the corporation line,—was opened to bids, the contract was let, and the improvement completed. The work having been done, the plat and schedule of proposed assessments were filed, and notice duly published of the time when and place where objections to such assessments would be considered. The schedule included a proposed assessment of $3,875 upon the railway property, as its proper proportion of the cost of the paving from Hillside Avenue to the east city boundary. At the hearing so held, neither the Interurban Company nor the Des Moines City Railway Company made any appearance or filed or offered any objection thereto, and neither has ever appealed therefrom. As already stated, when the proceedings for the paving were begun, the railway property in question was owned by the Interurban Railway Company, and the record title stood in its name, until it was conveyed to the trustee of the Des Moines Company, after the passage of the ordinance ordering the improvement.

It should also be said, as affording some explanation of the delay in carrying the project to its conclusion, that the title of the city to the street in question became involved in litigation, which was not finally determined until July, 1918. Thereafter, and after the special assessment for the cost of the paving had been made and confirmed by the city council, the Interurban Railway Company brought this action in equity, alleging

that such assessment had been made without authority, and praying relief as follows:

"That an injunction issue against the city of Valley Junction, W. M. Hammill, county treasurer, and F. B. Alber, county auditor, restraining said defendants from spreading said assessment on the records of Polk County as a lien against this plaintiff's property, and taking any steps whatever to recover the collection of said special assessment or recover the same by an action at law, and that, upon final hearing, the said assessment be decreed to be null and void, and canceled."

To this proceeding the defendants appeared, and made defense. On trial of the issues joined, the court below found for the plaintiff, and entered a decree canceling and setting aside the special assessment, and directing the county treasurer and auditor to "cancel the same upon the records of Polk County." From this decree the defendants appeal.

The conceded facts in the case disclose the following somewhat anomalous situation. The city council, which is clothed with authority to act in such matters, has ordered the pavement of the street; the work has been done and the street is paved; the assessment of its cost upon the abutting property has been made; and, so far as shown by this record, not a single owner of any part or portion of the property so charged with the burden has objected to the improvement or to the assessment or to the validity or regularity of the proceedings. What standing, therefore, has the plaintiff in a court of equity to question the assessment or demand its cancellation? It expressly disclaims any title to or interest in the property on which the assessment is laid, and the appellants make no allegation or claim to the contrary. The excuse or justification offered for this suit is that, in making up the schedule of assessments, the railway land abutting on the paved street is listed as belonging to the plaintiff, instead of to the Des Moines City Railway Company, its true owner. This may be true, but it affords no ground whatever for the relief demanded in the petition and granted by the terms of the decree below.

When proceedings were instituted in the city council for the pavement of the street, the Interurban Railway Company did own property abutting upon the proposed improvement. Pend-

ing those proceedings, but before the assessment was made, the plaintiff conveyed the railway property to a trustee for the Des Moines City Railway Company, since which date, so far as appears in this case, plaintiff has had no interest of any kind in the property so assessed. This change of ownership after the proceedings were begun and before the tax was levied sufficiently explains how it occurs that the land was listed as being owned by the plaintiff. Such mistake, if indeed it may be called a mistake, constitutes no defect in the proceedings or in the assessment. The primary purpose in such proceedings, after determining the amount of money to be raised, is to ascertain and designate the several items of property within the taxable area on which the tax is to be laid, and not to fix an assessment upon or against the individuals listed as owners if, in fact, the persons so listed are not owners of the property described. True, by the provisions of Section 840 of the Code and Section 816, Code Supplement, 1913, such assessments are made a lien "on such property;" and, where the assessment is against a railway or street railway, it is made a first and paramount lien upon the track thereof "within the city."

**2. MUNICIPAL CORPORATIONS: personal liability for assessment.** Such assessments are also made debts "due personally from such railway." But manifestly, the railway company thus subjected to personal liability is the company owning the assessed property. Such liability is not settled or determined by reference to the list of owners found in the schedule of assessments. It is not essential to the valid exercise of this arm of the taxing power that the name of the owner of a given tract of land within the taxable area shall be discovered or listed. It may be assessed to an "unknown" owner, without in any manner affecting its validity or its lien; nor will it expose the assessment to injunction or cancellation if it shall appear that a tract owned by Smith or Jones is listed as belonging to Brown or Robinson. Such misnomer will not enable Smith or Jones to relieve their property from the tax assessed against it, nor will it support an action by Brown or Robinson to enjoin the collection of a tax upon property in which he neither has nor claims any interest.

The Interurban Company's showing is, therefore, wholly

insufficient to sustain its claim for equitable relief, or its demand for a cancellation of the assessment upon the property belonging to the City Railway Company; and its petition, therefore, should have been dismissed. Such being the case, we have no occasion to consider or decide the other questions discussed by counsel as to the regularity of the proceedings of the city council in ordering the pavement laid, or in assessment of the cost thereof upon the abutting property.

The decree of the district court is, therefore, reversed, and the petition is ordered dismissed at plaintiff's costs.—*Reversed.*

LADD, STEVENS, and ARTHUR, JJ., concur.