OSCAR LUNDBERG et al., Appellants, v. CITY OF LAKE CITY, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Injunction in re Special Assessments. Principle reaffirmed that injunction will lie to restrain the collection of special assessments *only* in case (1)

of fraud in the execution of the contract, or (2) of lack of jurisdiction in the municipal body.

MUNICIPAL CORPORATIONS:    Public Improvements—Substitution
2   of Material.    Assessments for a sewer improvement are not rendered *void* because of the fact that, in the execution of the contract, in order to avoid a serious delay, a good-faith substitution of material was had in the construction of manholes—a substitution which was acquiesced in by the city officials and by all property owners, which entailed no additional cost, and which furnished a product equal to that called for by the specifications.

MUNICIPAL CORPORATIONS:    Public Improvements—Noninvalidat-
3   ing Irregularity.    The extension of a sewer improvement by voluntary action on the part of the city and certain property owners, *after* the contract had been properly let and largely performed, is not such an illegality as will reach back and nullify the proceedings properly had prior to such irregularity.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

APRIL 4, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

SUIT in equity by thirty plaintiffs, to enjoin the collection of certain sewer assessments against their property and to declare such assessments wholly null and void.    After trial had, there was a decree dismissing the petition, and the plaintiffs appeal.—*Affirmed.*

*McCrary & Urbany,* for appellants.

*Jacobs & McCaulley,* for appellee.

EVANS, J.—The defendant city was constituted by ordinance as a single sewer district.    It had a sewer system which had been constructed some years before, and which did not

1. MUNICIPAL COR-      serve all parts of the city.    It purported to en-
PORATIONS: pub-        large and extend its system, and for that pur-
lic improvements:
injunction *in re*      pose purported to follow statutory procedure.
special assess-
ments.                  A contract was let, and afterwards performed,
and a plat and schedule of assessments were duly filed.    A day

of hearing was fixed, and a notice given. At such time of hearing, some of the plaintiffs herein appeared and presented objections. Other plaintiffs did not appear. Those appearing did not appeal from the final order of adoption by the city council. The plaintiffs, having seen fit to ignore the statutory procedure by appeal from the assessments complained of, have very narrow ground upon which to stand. It is settled that they cannot, by injunction suit, try the equivalent of an appeal from an assessment, unless they are able to show fraud in the performance of the contract, or are able to show such a failure of statutory procedure as to render the proceedings wholly void for want of jurisdiction. *Matson v. Mitchell* (Iowa), 179 N. W. 173 (not officially reported); *Interurban R. Co. v. City of Valley Junction*, 190 Iowa 189; *Meader v. Incorporated Town of Sibley*, 191 Iowa 1139.

Appellants have not confined themselves in argument to this narrow ground. We are not permitted, however, to ignore the limitations which they have voluntarily put upon themselves. This is not a case where facts have been

2. MUNICIPAL COR- discovered too late for the purpose of an appeal.
PORATIONS: pub-
lic improvements: The suit was brought within the statutory time
substitution of
material. allowed for an appeal. The trial court held that

the evidence disclosed neither fraud nor want of jurisdiction. As evidence of fraud, the appellants rely upon a certain departure in the performance of the contract from the specifications. These required that in the construction of the manholes hard brick should be used. At the time of the construction, the only hard brick that were available in the market were *too* hard for the purpose of such construction. The city and the contractor were confronted with the possibility of delay on such account. The situation was met by the use of softer brick, and the required hardness was provided for by the use of cement. This met the approval of the engineer, both in advance of its use and after. The testimony is undisputed that the result is the full equivalent of that which was contracted for, and its cost was substantially the same. The situation was fully known and acquiesced in by the city officials and by the property owners. There was neither deception nor bad faith to any degree, nor was the result derogatory to the interests of the city or of the

property owners. We agree, therefore, with the finding of the trial court that there was no fraud.

On the question of jurisdiction, the principal complaint in appellants' argument is directed to certain voluntary proceedings between the city and certain property owners, whereby the original plan was to some extent extended. This was done after the contract had been let and largely performed. Even though this were irregular, and even illegal, it did not destroy the jurisdiction of the city council which it had previously attained, nor render void its acts done pursuant to such jurisdiction attained. No jurisdictional defect is pointed out to us in any of the proceedings leading up to the letting of the contract. The subsequent illegality, if any, therefore, could not have the effect to nullify and render void all the prior procedure. The illegality, if such, could have been relied upon by objections before the city council, and by appeal to the district court. The plaintiffs could thereby have been fully protected against any injurious results to them by reason of such illegality. They cannot ignore their statutory remedy and use a mere illegality as a weapon to destroy the whole enterprise after it had been faithfully performed by the contractor. This disposes of the only ground upon which the plaintiffs can stand in an injunction suit. No useful purpose can be subserved on our part by a discussion of the many questions ably presented in the plaintiffs' brief which would have been available to them in an appeal, but which are not available to them herein. The decree dismissing the petition must, therefore, be sustained.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.

*3. MUNICIPAL CORPORATIONS: public improvements: noninvalidating irregularity.*