F. M. HUBBELL, SON & COMPANY, Incorporated, v. BEN-
    NETT BROTHERS, F. A. COPE, Auditor of Polk County,
    and C. H. MURROW, Treasurer of Polk County, Iowa,
    Appellants, and three other cases.

**Municipal corporations:** PAVING: SPECIAL ASSESSMENTS. Under
1   the statute a city has no power to provide for paving an
    alley except on the established grade; and the assessment of
    abutting property for the cost of paving not at grade is void.

**Same:** CHANGE OF GRADE. Where a special assessment for the cost
2   of paving is void because not made at the established grade,
    a subsequent ordinance changing the grade to conform to the
    improvement will not validate the assessment.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN,
                        Judge.

WEDNESDAY, MARCH 7, 1906.

SUIT in equity to enjoin the collection of special assess-
ments made for the cost of paving an alley in the city of Des
Moines.   Judgment for the plaintiffs, from which the de-
fendants appeal.— *Affirmed.*

*W. H. Bremner, M. H. Cohen,* and *W. M. McLaughlin,*
for appellants.

*Hume & Hamilton,* for appellees.

SHERWIN, J.— The appellees are the owners of lots
abutting on an alley, the grade of which was duly established
some years ago.   The city of Des Moines decided to pave
this alley and after taking the necessary preliminary steps
let the contract therefor to the defendants, Bennett Bros.,
who constructed the pavement.   Their contract with the
city required them to construct the pavement on the estab-

lished grade of the alley, but the city engineer gave them the wrong grade and the pavement was in fact constructed from six to eight feet above the established grade.

The work was accepted by the city and the cost thereof was levied on the lots of the appellees, and the city shortly thereafter issued to Bennett Brothers assessment certificates therefor.    Still later, these suits were brought to have the assessment declared void and to enjoin the collection of the certificates.    A few days thereafter the city passed an ordinance changing the grade of the alley so that it would conform to the paving.    The real question for determination is whether the city had power to make the assessment.    If it had such power, it is conceded by the appellees that they have mistaken their remedy and that these actions will not lie because of their remedy by appeal.

It is fundamental that municipal corporations possess only such powers as are expressly granted, or necessarily implied from the grant.    With this proposition as a basis,

1. MUNICIPAL CORPORATIONS: paving: special assessments. let us determine what power the city has under the statute to assess to the abutting owner the cost of paving an alley.    Section 792 of the Code provides:

Cities shall have power to improve any street, highway, avenue or alley by grading, parking, curbing, paving, graveling, macadamizing, and guttering the same or any part thereof, and to provide for the making and reconstruction of such street improvements, and to assess the costs on abutting property as provided in this chapter; but the construction of permanent parking, curbing, paving, graveling, macadamizing, or guttering shall not be done until after the bed therefor shall have been graded so that such improvement, when fully completed will bring the street, highway, avenue, or alley up to the established grade.

This section confers the power to pave, but expressly provides that it shall not be exercised until after the street or alley shall have been graded so that such improvement

when completed will bring the street or alley up to the established grade. The clear meaning of the section as a whole is that the city has the power to make such permanent improvements only when they are constructed upon the established grade. And if this be true, it follows that the city has no power to assess for an improvement which is not in substantial compliance with the statute. *Zalesky v. Cedar Rapids,* 118 Iowa, 714; Code, section 820. The assessment was made for a permanent improvement, while the paving six or eight feet above the grade amounted to no more than a temporary one.

But, aside from the statute, this portion of the case is ruled by *McManus v. Hornaday,* 99 Iowa, 507, which was a case where the city of Keokuk had established the grade

2. SAME: change of grade. of the street in question by ordinance in 1887, and in 1893 it passed a resolution changing the grade thereof; and later ordered the street improved on the new grade at the expense of the abutting property. The plaintiff was the contractor who did the work and to whom the city issued the certificate sued upon.

It was held that the city had no power to change the grade of the street by resolution, and that the property owners were not liable for the improvement because it did not conform to the legally established grade. See, also, *Cascaden v. City of Waterloo,* 106 Iowa, 673; *Kepple v. City of Keokuk,* 61 Iowa, 653. If the city acted beyond its power its acts are void, not merely irregular, and an injunction will issue to restrain the enforcement of the tax. *Owens v. City of Marion,* 127 Iowa, 469; *Rood v. Board of Supervisors,* 39 Iowa, 446. In *Allen v. City of Davenport,* 107 Iowa, 90, relied on by the appellants the ordinance was passed before the work was done and we held that it was not jurisdictional to the extent that it must precede the resolution ordering the assessment. If the city had no power to levy the assessment its act in so doing was absolutely void and it could not be given life by the subsequent passage of

an ordinance changing the grade to conform to the improvement. McManus v. Hornaday, *supra; Hart v. Henderson,* 17 Mich. 218; *Butler v. Supervisors,* 26 Mich. 22; *Mayor and C. C. of Balt. et al. v. Porter,* 18 Md. 284 (79 Am. Dec. 686). The last case cited is precisely in point. And see, also, *Priestman v. Priestman,* 103 Iowa, 320, where it is held that an affidavit for the publication of a notice must be filed before publication.

The trial court reached the right conclusion, and the judgment is *affirmed.*