J. T. CHENY and T. F. FLAHERTY v. THE CITY OF FORT DODGE, Appellant.

**Municipal corporations:** STREET IMPROVEMENT: CHANGE IN PLAN:
1 ASSESSMENTS: OBJECTIONS. Under the statutes relating to special assessments for street improvement, the question of whether a variance between the improvement as made and that contemplated by the preliminary proceedings is sufficient to avoid a special assessment, should be raised by objection before the council and upon appeal from its action to the court. The mere fact of such a variance, not affecting the substantial character of the improvement, will not deprive the council of jurisdiction to make the assessment.

**Same.** Where a street improvement as made does not materially affect the convenient use of the street by a property owner, or deprive it of substantial value to him, he can not for the first time on appeal raise the objection that the improvement was not as contemplated by the proceedings of the council.

**Same.** Property owners have a right to the use of an abutting street for any proper purpose in connection with their business, and the availability of its improvement for such future use may be considered on the question of whether a special assessment for that purpose exceeds the benefits; but a mere departure from the original plan, not affecting the substantial character of the improvement so as to render the contract under which it was made invalid, will not justify an annulment of the entire assessment.

*Appeal from Webster District Court.*—HON. CHARLES E. ALBROOK, Judge.

TUESDAY, NOVEMBER 19, 1912.

THE plaintiffs filed before the city council of Ft. Dodge their objections to a special assessment on their property for a street improvement. Thereupon the city council reduced the assessment from $734 to $500, and from the action of the council in confirming the assessment in the latter amount the plaintiffs appealed to the district court and filed a petition in equity renewing the objections made before the council, specifying other objections to the assessment, and praying that said assessment be declared unwarranted, illegal and void, and that it be annulled. After hearing the case on its merits, the court held that the city did not have lawful right or authority to make or levy the assessment, for the reason that the improvement, as actually constructed, did not comply with the specifications and contract therefor, and was materially and radically different from the improvement provided for in the preliminary proceedings and contract; and the court thereupon decreed that the entire assessment be annulled, set aside, and canceled. From this decree, the defendant appeals.—*Reversed.*

*Mitchell & Fitzpatrick,* for appellant.

*Healy, Burnquist & Thomas,* for appellees.

McCLAIN, C. J.—By preliminary proceedings in every respect regular and valid, so far as this record discloses, the council of the defendant city ordered the paving of Seventeenth street in that city from Twelfth Avenue South to Third Avenue North, according to plans and specifications calling for a double roadway from Twelfth Avenue South to Fifth Avenue South, each roadway sixteen feet in width, with a parking in the center of the street thirteen feet in width, and a single roadway thirty feet in width from Fifth Avenue South to Third Avenue North. A contract was let for the laying of this paving in accordance with these plans and specifications at a specified price per square yard.

After the contract was let, two petitions were presented to the city council, signed by all the owners of property abutting on Seventeenth street between Fifth Avenue South and Third Avenue North, except the plaintiffs, asking that the plan of paving that portion of the street be changed and that between these limits the street be boulevarded in the same manner as the portion of the street south of Fifth Avenue South; that is, that between the limits prescribed there be a double roadway of sixteen feet in width, with parking thirteen feet in width along the middle, except at street and alley intersections. The city council adopted a resolution granting the prayer of the petitions, subject to the written approval and consent of the contractor. Although the contractor did not file a written consent to this modification of the contract, he did, in fact, orally, before the city council, accept such modification, and he proceeded to construct the entire pavement in accordance with the plans and specifications, with the modification above indicated.

After the completion of the pavement and within the time provided by law, plaintiffs presented to the city council in due form their objections to the assessment on their property, which abuts on Seventeenth street north of Fifth Avenue South, with a frontage of one hundred and sixty-five feet, specifying various grounds of objection, some of which are not now insisted upon. The objections pertinent to the controversy as now presented were that the pavement, as constructed with double roadway and parking in the center, was a different improvement. from that provided for in the preliminary proceedings and contract, which contemplated a single roadway thirty feet in width, and that the improvement, as thus constructed, was unauthorized; and, further, that on account of the change in plan the best results from bidders were not obtained for the improvement as constructed, and the contract price was far in excess of what it would have been had the city proceeded under the original plan. The last objection is not now urged, and there is nothing in the record to support it. It appears that after the filing of these objections the city council reduced the assessment on plaintiff's property from $734 to $500, and that this reduction was more than sufficient to cover the increased cost of the pavement in front of plaintiffs' property resulting from the construction of two roadways each sixteen feet in width, instead of one roadway thirty feet in width.

In their petition filed in the district court on appeal from the action of the council in overruling their objections to any assessment being made on their property, the

1. MUNICIPAL CORPORATIONS: street improvement: change in plan: assessments: objections.

objections before the council were amplified; but the substantial complaint was still that the pavement, as constructed, was not the one contracted for or provided for in the preliminary proceedings, and that the assessment was therefore void and nonenforceable, with the prayer that the assessment to plaintiffs on account thereof be annulled.

The statutory provision as to objections found. in the Code, is as follows: "Sec. 824. All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

There is also a provision in the Code, relating to appeals from the council in such cases, as follows: "Sec. 839. Any person affected by the levy of any special assessment provided for in this chapter may appeal therefrom to the district court within ten days from the date of such levy, by serving written notice thereof upon the mayor or clerk and filing a bond for costs, to be fixed and approved by either of said officers. Upon such appeal, all questions touching the validity of such assessment, or the amount thereof, and not waived under the provisions of this chapter, shall be heard and determined. The appeal shall be tried as an equitable action, and the court may make such assessment as should have been made, or direct the making of such assessment by the council. The costs of the appeal shall be taxed as in other actions."

In 1900 the General Assembly enacted an additional statute, relating to special assessments (28 G. A., c. 29), requiring that such assessments shall be in proportion to the special benefits conferred upon the property thereby, and not in excess of such benefits, and not in excess of twenty-five per centum of the actual value of the property at the time of the levy; and, further, that the excess of the cost over the special assessment which may be levied on abutting property shall be paid out of the general fund of the city. In this statute sections 824 and 839 of the Code, above quoted, are reaffirmed as applicable to all special assessments, with this additional provision, that, "upon appeal, the court shall determine all questions, including that of benefits to the property assessed."

Under these statutory provisions we have recently held that the question whether the variance between the improvement, as constructed, and that provided for in the preliminary proceedings is sufficient to invalidate the assessment is an appropriate matter of inquiry for the city council, and that the mere fact of such variance, without regard to its materiality and extent, does not deprive the council of jurisdiction to make the assessment; the remedy of the property owners being by objection before the council and by appeal from its action. *Shaver v. Turner Improvement Co.,* 155 Iowa, 492. In that case the decisions of this court particularly relied upon for appellee are reviewed, and the case of *Hubbell v. Bennett,* 130 Iowa, 66, so far as it was therein held that any departure from the plans and specifications under which the contract was made deprived the council of jurisdiction to levy the assessment, was overruled.

The purpose of the statutory provisions above referred to clearly seems to have been to relegate the property owner to his remedy by objection and appeal in all cases where the city council has not exceeded its jurisdiction; and the holding of the *Shaver* case, just cited, is, in effect, that in the case of a mere departure from the plans and specifications, not substantially changing the nature of the improvement, the council does not lose jurisdiction to make assessment for the improvement as constructed, but may, on objections, grant the property owner such relief as he should have, and that on appeal the district court may review the action of the council and grant the relief which should have been granted by it.

The objections to the assessment presented by plaintiffs to the city council and on appeal to the lower court were predicated upon the contention that any departure from the plans and specifications rendered the attempted assessment against plaintiffs for the improvement illegal and void. It was not objected that

2. SAME.

the boulevarding of the street, departing in that respect from the plans and specifications, so far as they covered the improvement of Seventeenth street in front of plaintiffs' property, rendered the use of the street less convenient to plaintiffs, or deprived it of substantial value to them. It is conceded that the street has been paved, and that the council might originally have provided for such paving as has been in fact constructed. It must be presumed that the paving is of some advantage to the plaintiffs, as well as to the other abutting property owners. If the benefit is, on account of the peculiar situation and use of plaintiffs' property, less than the amount of the assessment, such objection might have been raised and determined by the court on appeal. But no such objection was made until it is now urged in this court that, as plaintiffs' property is used for business purposes, a boulevarded street in front of it is less convenient that a single paved roadway, such as was originally contemplated. If such objection had been made, it would have been substantially without support in the evidence, so far as the present use of the property is concerned; for it appears that before the pavement was constructed the building on plaintiffs' property, which is used for manufacturing purposes, was provided with loading platforms on a cross street and alley, and that Seventeenth street was not used in any such way as to require the turning of wagons therein, in order that material be delivered to or taken from the building.

Of course, the plaintiffs have the right to make use of the street for any proper purpose in connection with their property, and the availability of the pavement, as constructed, for future use in connection with 3. SAME. such property may be well taken into account in determining whether the amount of the assessment exceeds the benefits to the property with relation to such future proper use; but it is not contended that the benefits

from the pavement, as constructed, are less than the amount of the assessment.

The plaintiffs are attempting to escape any assessment whatever for a beneficial improvement in front of their property on account of a change of plan made by the city council, which, so far as it appears from this record, does not deprive the improvement of its beneficial character, so far as plaintiffs are concerned. Plaintiffs have been relieved by the council of the additional burden imposed by the change in the increase of the number of square yards of paving involved. Had the plaintiffs objected that by reason of the boulevarding of the street the improvement was of no substantial benefit to them, they might have been relieved entirely of the obligation to pay for it. But we are unwilling to hold that a mere departure in plan, not affecting the substantial character of the improvement, and not rendering the contract under which it was made invalid, will justify an annulment of the assessment *in toto.*

The conclusions above indicated make it unnecessary that we discuss the question whether plaintiffs are estopped by acquiescence in the improvement from raising the objection that the assessment is invalid.

The decree of the trial court is therefore,—*Reversed.*