M. A. MANNING et al., Appellees, v. CITY OF AMES, Appellant.

MUNICIPAL CORPORATIONS: Public Improvements—Resolution of
1 Necessity—"Location and Terminal Points" in re Repairs. The
statutory requirement that a resolution of necessity shall designate
the *"location and terminal points"* of a proposed paving improvement
does not, in a proposal to repair and reconstruct paving by relay-
ing an estimated *portion* thereof, necessitate a setting forth of the
"location and terminal point" of each of numerous *patches* of
paving scattered throughout the length of a designated street.

MUNICIPAL CORPORATIONS: Public Improvements—Resolution of
2 Necessity—"Location and Termini." The designation of the "lo-
cation and termini," in a resolution of necessity for the repair of a
street, is sufficient if the resolution calls for "the repair of the
surface of all creosote wood block paving on" designated streets.

MUNICIPAL CORPORATIONS: Public Improvements—Improvement
3 on Street not Covered by Resolution. A resolution of necessity for
the repair of a designated street furnishes no jurisdictional basis
whatever for the doing of repairs upon additional streets, and the
assessing of the cost to the benefited property.

MUNICIPAL CORPORATIONS: Public Improvements—Jurisdiction of
4 Equity to Interfere. Principle reaffirmed that a property owner is
under no obligation to file objections with the city council con-
cerning a paving improvement over which the council has never ac-
quired any jurisdiction.

MUNICIPAL CORPORATIONS: Public Improvements—Change in Ma-
5 terial as "Irregularity." Jurisdiction of the city council to repair
the surface of a wood block paving with *pitch* is not lost by using
*oil* for such surface repair. It follows that such change in material
is a mere "irregularity," which must be raised before the council
or it will be waived.

STEVENS, FAVILLE, and DE GRAFF, JJ., dissent.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

SEPTEMBER 27, 1921.

REHEARING DENIED DECEMBER 15, 1921.

ACTION in equity, to enjoin the collection of special assess-
ments levied to pay for certain work of repair and reconstruction

of paving in the city of Ames. A decree was granted as prayed, and the city appeals.—*Reversed in part; affirmed in part.*

*J. Y. Luke*, for appellant.

*Lee & Garfield*, for appellees.

FAVILLE, J.—Main Street is the principal business street of the appellant city. It is six blocks long, and extends east and west. Grand, Duff, Douglas, and Kellogg Avenues are all streets of said city, which are at right angles to Main Street. Previous to the year 1918, all of Main Street, and a portion of each of the other named streets, had been paved with creosoted wood block paving. In said year, a portion of said paving was out of repair, and on July 15, 1918, the city council passed a preliminary resolution of necessity for repairing the same. Due publication of the notice of the hearing on this resolution of necessity was made in July, and at a meeting of the city council on the 5th day of August, 1918, the resolution of necessity was adopted, and also a resolution approving the plans and specifications of the engineer for the work to be done.

The resolution of necessity recited:

"* * * it is deemed advisable and necessary to make improvements by repair and reconstruction of paving by relaying a portion of the creosote wood blocks on Main Street, and repair of the surface of all creosote wood block paving on Main Street and Grand Avenue by the application of a coating of pitch for the preservation of the said paving; said work to be done in accordance with the specifications furnished by the city engineer and approved by the city council of Ames, Iowa. Approximate quantities: 2,000 square yards relaying wood blocks; 30,000 square yards pitching and sanding."

The published notice of the hearing contained a full copy of this resolution of necessity. The contract for the work conformed to the resolution of necessity.

After the contract was let and the work started, it was discovered by the city council that portions of the paving on Duff, Douglas, and Kellogg Avenues should also be repaired. Without publishing any additional or new resolution of necessity,

or any notice, the city council proceeded by oral instructions to have the contractor make the needed repairs on these three avenues.

Pitch was not used to repair the surface of the paving on Main Street and Grand Avenue, but instead thereof, a form of petroleum oil was applied to the surface of said streets.

After the work was completed, and in December, 1918, notice of assessment for the cost of said work was duly published, and thereafter, the city council adopted a resolution fixing the special assessment for the cost of said work against the property abutting on said streets. The appellees are property owners whose property is assessed for said improvement. None of the appellees appeared before the city council at any stage of the proceedings. After said assessment was levied, this action was brought to enjoin the collection of the same, on the ground that the assessment was invalid and void.

I. At the outset, we are confronted with the question whether, under the facts of this case, the appellees can maintain this action in equity, or whether they are required to pursue the statutory remedy, by filing objections before the city council, with right of appeal therefrom. If the proceedings were such as to render the assessments absolutely void, then a court of equity has the power to enjoin the collection of such void assessment. Such have been our repeated holdings. *Chicago, M. & St. P. R. Co. v. Phillips,* 111 Iowa 377; *Fort Dodge E. L. & P. Co. v. City of Fort Dodge,* 115 Iowa 568; *Davenport Locomotive Works v. City of Davenport,* 185 Iowa 151; *Shaver v. Turner Impr. Co.,* 155 Iowa 492; *Nixon v. City of Burlington,* 141 Iowa 316; *Dunker v. City of Des Moines,* 156 Iowa 292; *In re Appeal of Apple,* 161 Iowa 314; *Spalti v. Town of Oakland,* 179 Iowa 59; *Polk v. McCartney,* 104 Iowa 567.

On the other hand, where the proceedings are not absolutely void, but merely voidable, the statutory remedy by filing objections before the city council must be pursued, and injunction will not lie. Code Section 824; *Clifton Land Company v. City of Des Moines,* 144 Iowa 625; *Owens v. City of Marion,* 127 Iowa 469; *Minneapolis & St. L. R. Co. v. Lindquist,* 119 Iowa 144; *Cheny v. City of Fort Dodge,* 157 Iowa 250; *Durst v. City of Des Moines,* 164 Iowa 82; *Ellyson v. City of Des*

*Moines,* 179 Iowa 882; *Evans v. City of Des Moines,* 184 Iowa 945.

The rules announced are plain. The difficulty lies in applying them to the facts of a particular case.

Section 810, Code Supplement, 1913, provides as follows:

"When the council of any such city shall deem it advisable or necessary to make or reconstruct any street improvement or sewer authorized in this chapter, it shall, in a proposed resolution, declare such necessity or advisability, stating the one or more kinds of material proposed to be used and method of construction, whether abutting property will be assessed, and, in case of sewers, the one or more kinds and size, and what adjacent property is proposed to be assessed therefor, and in both cases designate the location and terminal points thereof, and cause twenty days' notice of the time when said resolution will be considered by it for passage to be given by four publications in some newspaper of general circulation published in the city, the last of which shall not be less than two nor more than four weeks prior to the time fixed for its consideration, at which time the owners of the property subject to assessment for the same may appear and make objection to the contemplated improvement or sewer and the passage of said proposed resolution, at which hearing the same may be amended and passed, or passed as proposed."

In *Shaver v. Turner Impr. Co.,* supra, we said:

"Moreover, such proceedings are *invitum,* and the statutes are to be somewhat strictly followed. Especially is this true with reference to those preliminary steps which appear to have been intended as essential to the exercise of power by the city council. Section 810 clearly specifies what shall be done, and the section following inferentially declares that only upon so doing shall the order contemplated be made. Objections to the improvement or its character would be of no avail unless interposed previous to directing it to be made; and for this and other reasons suggested, we are inclined to regard compliance with Section 810 as a condition precedent to the exercise of the power by the council to direct the pavement of the streets or the laying of sewers."

Our holdings are to the effect that substantial compliance

with the terms of the statute is a condition precedent to obtaining jurisdiction for making the improvement and the levying of taxes therefor. *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525; *Nixon v. City of Burlington,* supra; *Dunker v. City of Des Moines,* supra; *In re Appeal of Apple,* supra; *Spalti v. Town of Oakland,* supra; *Davenport Locomotive Works v. City of Davenport,* supra.

With these general rules in mind, let us consider the situation in the instant case.

The sufficiency of the resolution of necessity to confer jurisdiction upon the city council is challenged. The resolution provides, first, for repair and reconstruction of paving by relaying a portion of the creosoted wood blocks on Main Street in the approximate quantity of 2,000 square yards, and second, for repair of the surface of all creosoted wood block paving on Main Street and Grand Avenue by the application of a coat of pitch for the preservation of said paving.

The statute requires that the resolution of necessity shall "designate the location and terminal points" of the proposed improvement. It is contended that the resolution of necessity did not confer upon the city council jurisdiction to proceed with the work of repair and reconstruction by relaying the wood block paving on Main Street, because the resolution does not specifically designate the location and terminal points of the proposed improvement. The record shows that Main Street comprises six blocks, being a little more than a half mile in length. It is apparent that the resolution of necessity specifically provided for repair and reconstruction work upon Main Street. The evidence discloses that, at various places throughout the length of Main Street, the existing wood block paving was out of repair. In many instances it had bulged, and the work contemplated by the resolution of necessity was the repair and reconstruction of the block paving throughout the entire length of Main Street, wherever it was so out of repair. It is perfectly obvious that it would be wholly impracticable, if not impossible, to designate the location and terminal points of these various patches on Main Street where such relaying was necessary. As shown by the resolution of necessity, it was esti-

1. MUNICIPAL CORPORATIONS: public improvements: resolution of necessity: "location and terminal points" *in re* repairs.

mated that approximately 2,000 square yards on Main Street were so out of repair. These spots or patches of paving were, as we understand the record, scattered throughout the length of Main Street, in many localities. To have required the particularity of designating the location and the termini of each of these several patches that were to be repaired, in order to confer jurisdiction upon the city council to proceed, would make it practically impossible to do repair work of this character.

We are of the opinion, and so hold, that, under the facts of this case, the resolution of necessity was sufficiently specific to comply with the provisions of the statute and to confer jurisdiction upon the city council to undertake the work of repair and reconstruction by relaying approximately 2,000 square yards of wood block paving on Main Street.

The resolution of necessity also provided for repair of the surface of all creosoted wood block paving on Main Street and Grand Avenue by the application of a coat of pitch for the preservation of said paving. This provision of the resolution of necessity was a sufficient compliance with the terms of the statute to confer jurisdiction upon the city council to do the designated work. The location and termini of the proposed improvement were sufficiently designated in the provision that the work was to be the "repair of the surface of all creosote wood block paving on Main Street and Grand Avenue." The material to be used was also designated as a coating of pitch for the preservation of said paving.

2. MUNICIPAL CORPORATIONS: public improvements: resolution of necessity: "location and termini."

The resolution of necessity was not invalid in respect to the foregoing matters, and was sufficient to, and in fact did, confer upon the city council the power and authority to proceed with the improvement so designated and provided for in said resolution of necessity.

II. It is to be noticed, however, that no reference whatever is made in the resolution of necessity regarding the laying of any wood block paving on any other street or avenue than Main Street in the appellant city. The evidence shows that a considerable amount of paving was relaid upon Duff, Douglas, and Kellogg Avenues, and assessments were made

3. MUNICIPAL CORPORATIONS: public improvements: improvement on street not covered by resolution.

against the owners of property abutting upon said avenues for the work so done upon said avenues. It appears that this work was done by the same contractor who did the work provided for in the resolution of necessity and the contract made in pursuance thereof. The work on these three avenues was done under oral instructions from the city council, and without any attempt to adopt any resolution of necessity whatsoever in respect thereto.

It cannot be seriously contended that, under the provisions of the statute, the resolution of necessity can be extended so as to confer any jurisdiction whatever upon the city council to have improved Duff, Douglas, and Kellogg Avenues and to assess the cost of such improvement to the abutting property owners. As to the assessments levied for the work done upon Duff, Douglas, and Kellogg Avenues, the whole proceeding, from beginning to end, was without any jurisdiction, and was absolutely void, and said assessments were invalid and illegal. A court of equity had the undoubted jurisdiction to enjoin the collection of any and all assessments levied against any property owners for any of the work done upon Duff, Douglas, and Kellogg Avenues.

4. MUNICIPAL COR-
PORATIONS: pub-
lic improvements:
jurisdiction of
equity to inter-
fere.

To this extent at least, the injunction issued in this case was proper, and the action of the trial court in respect thereto must be upheld.

III. In regard to the work of relaying the wood block paving upon Main Street, as heretofore pointed out, the resolution of necessity was sufficient to confer jurisdiction upon the city council to proceed with said improvement, and the city council had jurisdiction and authority, under said proceedings, to assess property owners for the work of repair and reconstruction by relaying the wood block paving upon Main Street. The city council had jurisdiction and authority to levy a tax against property owners so situated as to be liable therefor for the cost of the said improvement, to wit, the repair and reconstruction by the process of relaying wood block paving on Main Street. A special assessment against the property liable therefor for the cost of said improvement was not levied without jurisdiction, and was not invalid and void; and a court of equity was without jurisdiction to enjoin the collection of the same.

IV. As previously stated, the resolution of necessity adopted by the city council was sufficient to confer jurisdiction upon the city council to repair the surface of all the wood block paving on Main Street. and Grand Avenue by placing thereon a coating of pitch. The undisputed evidence shows that pitch was not used for the purpose of surfacing all the wood block paving upon these two streets; but that, on the contrary, they were covered with a coating of oil. The record shows that pitch was used to a certain extent in the laying of the wood block paving, but when so used, it was used as a base in which the wood blocks were placed; but it was not used for the purpose of surfacing, as provided by the resolution of necessity, except where wood blocks were relaid.

5. MUNICIPAL CORPORATIONS: public improvements: change in material as "irregularity."

The engineer testified as follows:

"We put a coat of oil on all the old creosote block paving, except that which we relaid. Where we relaid it, pitch was used, and where pitch was used, we didn't oil it. Part of the paving was relaid by putting in new blocks, and part by putting in old blocks. The oil we used is what is termed 'Stanolene,' from the Standard Oil Company. It is a by-product of petroleum. It was not put on with a sprinkler. It was spread on the blocks hot. We used a squeegee machine. It was put on real hot. It ran out of the machine; it ran along and spread it. It had a little spreader in front of it, that dragged the oil right along on the blocks. It was not sprinkled on; it was spread on. It was spread over the blocks, and it soaked into the blocks. There was no coating on the blocks from the oil."

After the work was completed, proceedings were instituted for the levying of the special assessment to pay for the cost of the construction of said improvement. The city engineer prepared the plat of the assessable area and a schedule of the proposed assessment. This was duly filed with the proper city official, and the city council adopted a resolution accepting the work done by the contractor, and published a notice of the filing of the plat and schedule of assessments. The published notice recited that a plat and schedule had been prepared, showing the assessments on account of the cost of the contracts, reconstruction, and repair of paving on Main Street and Grand Avenue,

and notified property owners that the plat and schedule were on file in the office of the city clerk, and that all objections to the assessment as proposed must be filed with the city clerk.

No question is raised as to the sufficiency of the notice in form, nor as to the plat and schedule. None of the appellees appeared before the city council in response to said notice, or filed any objections thereto.

Code Section 824 is as follows:

"All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

Conceding that the city council obtained jurisdiction by the resolution of necessity to repair the surface of the wood block paving on Main Street and Grand Avenue by coating the same with pitch, it is contended that the city council lost all jurisdiction of the subject-matter when it failed to surface said streets with pitch, but used in lieu thereof an entirely distinct and different substance, to wit, oil. It is the contention of the appellees that this was such a material departure from the provisions of the resolution of necessity that the action of the city council was without any authority, and was absolutely void; and that the special assessment for the said work of surfacing with oil was wholly invalid and void; and that collection of the same can be legally enjoined.

On the other hand, it is the contention of the appellant that, inasmuch as the city council obtained jurisdiction, by a proper resolution of necessity and notice, to surface the wood block paving on Main Street and Grand Avenue, the change in the material used from pitch to oil, as to part thereof, was such an irregularity only as did not oust the council of jurisdiction entirely, and did not render the subsequent assessment void, but that the property owners were obliged to pursue the statutory remedy by filing objections before the city council, with the right of appeal therefrom to the district court. In other words, it is contended that, jurisdiction having once legally attached, the statutory remedy for any "errors or irregularities" thereafter occurring in the proceedings must be pursued.

Our former holdings on this subject, it must be conceded, are not altogether consistent, and complete reconciliation of the same is apparently impossible. We have repeatedly held that, where there was a substantial defect in the preliminary proceedings, so that the city council did not obtain jurisdiction legally of the subject-matter, the subsequent proceedings were invalid, and that an assessment could be enjoined. See cases supra. We have also had before us a number of cases where objections have been urged to the assessment on the ground that the work done was not a substantial compliance with the resolution of necessity or with the contract, and that because thereof, the assessment should be modified or canceled. The question before us in the instant case is not of this character, but involves the proposition as to whether or not, where jurisdiction is obtained in a proper manner, and where there is a substantial departure from the provisions of the resolution of necessity in performing the work, the statutory remedy by filing objections before the city council, with appeal therefrom, must be followed; or does the failure to comply with the provisions of the resolution of necessity cause the city council to lose entire jurisdiction of the subject-matter, so that the subsequent assessment is invalid and void, and can be enjoined by proceedings in equity?

In *Hubbell, Son & Co. v. Bennett Bros.*, 130 Iowa 66, we held that the manner of performing the contract for making the improvement was jurisdictional, and that, where there was a defect in the execution of the contract, collection of the assessment would be enjoined. However, in *Shaver v. Turner Impr. Co.*, supra, *Hubbell, Son & Co. v. Bennett Bros.*, was overruled, and it was held that defects in the performance of a contract must be raised by objections before the city council.

In *Owens v. City of Marion*, 127 Iowa 469, we said:

"Section 824 of the Code provides that 'all objections to errors, irregularities or inequalities in the making of special assessments, or in any of the prior proceedings or notices not made before the city council at the time and in the manner herein provided for, shall be waived, except where fraud is shown.' Of course, this statute does not cover defects which go to the validity, rather than the legality or regularity, of the

proceedings. If they are void, or without jurisdiction, an equitable action will lie .to have them so declared; and the statute expressly provides that there shall be no waiver in case fraud is shown. So that we have but two inquiries in this case: (1) Were the proceedings void because of any fundamental defects therein; and (2) is there any fraud shown? In arriving at a satisfactory solution of the first proposition, a distinction must be preserved between those defects, if any such are shown, which were simply erroneous, irregular, or resulted in inequalities, and those which reach so much deeper as to avoid the entire proceedings. Plaintiff was a party to the assessment proceedings, and does not, therefore, stand in the attitude of a stranger. Being such party, the legislature may provide a tribunal for the determination of all controversies growing out of the assessment; and, in the absence of fraud, or of such a showing as deprived that tribunal (the city council in this case) of the right to act at all, resort must be had to that tribunal for the correction of all errors, irregularities, or inequalities in the assessment, or in any of the prior proceedings or notices.''

In *Clifton Land Co. v. City of Des Moines*, 144 Iowa 625, we said:

''It is to be admitted that, in some of our decisions, language has been used, mostly by the way of argument, giving some support to the contention that, even where jurisdiction has been obtained to construct a work of public improvement, it may be lost by some omission or defect in the further development of the proceedings, and that advantage may be taken of such defect by injunction. This is perhaps more notably true of *Zalesky v. Cedar Rapids*, 118 Iowa 714, *Comstock v. Eagle Grove*, 133 Iowa 589, and *Bennett v. Emmetsburg*, 138 Iowa 67; but, without in any manner now questioning the correctness of the result reached in those cases, we are constrained to say that, in so far as the discussions therein tend to sustain the proposition that, where the jurisdiction of the city has once attached, a defect or omission subsequently occurring in the proceedings and for which the statutory appeal furnishes ample remedy may be made the grounds of proceedings in equity for an injunction against the assessment, they cannot be approved.''

In *Cheny v. City of Fort Dodge*, supra, we said:

"Under these statutory provisions, we have recently held that the question whether the variance between the improvement, as constructed, and that provided for in the preliminary proceedings is sufficient to invalidate the assessment, is an appropriate matter of inquiry for the city council, and that the mere fact of such variance, without regard to its materiality and extent, does not deprive the council of jurisdiction to make the assessment; the remedy of the property owners being by objection before the council and by appeal from its action."

In *Durst v. City of Des Moines,* 164 Iowa 82, which was an action in equity to enjoin the collection of a special assessment, we said:

"Jurisdiction of the parties interested in the institution of proceedings for such improvement is obtained by publication of notice of the preliminary resolution of necessity. Code, Section 810. Jurisdiction to make special assessments for the cost of an improvement so authorized and constructed is obtained by publication of notice of the time when and place where objections thereto may be presented and considered. Code, Section 823. These notices being given in the statutory manner, all property owners are presumed to have cognizance of the details involved in the preparation for and execution of the work of improvement; and, if there be any ground of complaint on account of errors or irregularities in the special assessments, or on account of any of the prior notices or proceedings leading up to such assessments, the party aggrieved must appear before the city council and make the objection on which he relies; and, failing so to do, his objections are deemed to have been waived. Code, Sections 823 and 824. The only exception to this rule which the statute recognizes is where fraud is shown. If, having made his objections known to the city council as provided by law, they are overruled or ignored, he may have the proceedings reviewed upon appeal to the district court. Code, Section 839. If there was ever any doubt whether this remedy was exclusive, and that under such circumstances, and without showing of fraud, no action can be maintained in equity to set aside or annul a special assessment for a work of public improvement, it no longer exists. *Railroad Co. v. Lindquist,* 119 Iowa 144; *Owens v. Marion,* 127 Iowa 469; *Nixon v. Burlington,* 141

Iowa 316; *Land Co. v. Des Moines,* 144 Iowa 629; *Reed v. Cedar Rapids,* 137 Iowa 107; *Andre v. Burlington,* 141 Iowa 65; *Durst v. Des Moines,* 150 Iowa 370."

In *Ellyson v. City of Des Moines,* supra, we reviewed the authorities, and pointed out that some of our earlier cases, such as *Gallaher v. Garland,* 126 Iowa 206, and *McCain v. City of Des Moines,* 128 Iowa 331, were decided before the enactment of the statute giving a right of appeal to the district court from the levying of special assessments. In the *Ellyson* case, we said:

"We think that jurisdiction was not lost because a part of the work may have been, as contended by appellees, more than repairing by patching. Clearly, the 390 feet before referred to was repairing by patching, even under appellees' contention, and for that reason the injunction should not have been granted; but, as to the rest of the work, it was of the same general character,—that is, it was not like putting in a sewer under a paving resolution, as contended by appellees. The appellees could have raised the same questions as now presented by objections before the city council, or on appeal to the district court. The provisions in reference thereto are very broad. The question could have been raised as to whether any assessment should be made against any of the several properties, or the amount thereof."

It is to be observed in this connection that the statute, Code Section 839, provides for an appeal from the action of the city council to the district court, where "all questions touching the validity of such assessment, or the amount thereof, and not waived under the provisions of this chapter, shall be heard and determined." Code Section 824, together with Section 839, provides a method by which "all objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices," must be urged before the city council; and "all questions touching the validity of such assessment" so urged before the city council are subject to review on appeal.

The tendency of our recent holdings is to the effect that, where jurisdiction has been legally obtained by the city council, any subsequent "errors, irregularities, or inequalities" in the

proceedings of the council must be corrected by pursuing the statutory remedy; and that an injunction will not lie to restrain the collection of an assessment because of such "errors, irregularities, or inequalities" in the proceedings subsequent to the acquisition of jurisdiction. We hold that, where jurisdiction has once legally attached, it is not lost, even though the subsequent proceedings do not wholly comply with the requirements of the resolution of necessity, where they are of the same general character as provided for in the resolution of necessity.

In the instant case, by proper proceedings, the city council obtained jurisdiction to improve Main Street and Grand Avenue by surfacing the same with pitch. In lieu thereof and for the same general purposes, they substituted the material oil, as to the greater part thereof. This was such an error or irregularity in the proceedings for which jurisdiction had attached that proper adjustment because thereof by reduction or cancellation of an assessment would have been proper for the consideration of the city council; but it did not constitute such a change of the subject-matter, of which the council had jurisdiction, as to render the proceedings wholly void.

It therefore follows that the appellees' remedy was by the statutory method, and not by injunction; and since they failed to appear before the city council and to object to the assessment, under the express provisions of Section 824 of the Code the right to object is waived.

It is to be noticed that, under Section 824, an exception is made to the requirement that the statutory remedy shall be pursued, where fraud is shown; but in the instant case, there is no actual or "legal" fraud in the action of the city council.

The foregoing discussion presents the views and conclusions of a majority of the court. The writer of the opinion is, however, unable to concur in the conclusion expressed in the last preceding division (IV) of this opinion. I concur in the proposition that the city council obtained jurisdiction, by substantial compliance with the statute, to undertake the work of coating the surface of the wood block paving on Main Street and Grand Avenue with a coating of pitch. I acquiesce in the proposition that, for "errors, irregularities, and inequalities" in the proceedings where jurisdiction has once been obtained, the tax-

payer must resort to the statutory remedy. I concede that equity will not grant relief where there has been a substantial compliance with the general subject-matter regarding which the city council has obtained jurisdiction; but I cannot agree to the proposition that, where the city council has, by proper notice, obtained jurisdiction to undertake the work of improving a street by coating the surface thereof with pitch, the city council can thereafter coat the street with an entirely different substance, as oil, and that this is an "error or irregularity," within the contemplation of the statute, for which relief can only be granted by objection before the city council. Section 810 of the statute expressly provides that the resolution of necessity shall state the kind of material proposed to be used. The thirty-fourth general assembly amended this statute by providing that the resolution of necessity shall state "the one or more kinds of material proposed to be used." It was very obvious that the legislature, in amending this statute, clearly intended to give the city council the right to a choice in the *first* instance of the material that should be used. For example, in street paving, the city council might be uncertain, in advance of bids, whether it was advisable to pave with wood, concrete, brick, asphalt, or other material; but the statute expressly requires that the various kinds of material under consideration by the city council shall be designated and stated in the resolution of necessity. A resolution of necessity, reciting that it was proposed to pave with brick, would confer no jurisdiction on the city council to proceed to pave with asphalt; because the statute requires that the kind of material, one or more, shall be stated and enumerated in this resolution. If this is an essential prerequisite to the acquiring of jurisdiction, I think that it cannot be evaded by subsequent action on the part of the city council. If the resolution of necessity must recite the kind of material to be used (and it must), then the city council cannot, I think, obtain jurisdiction by naming a certain material in the resolution of necessity, and materially depart therefrom thereafter, and use an entirely different material. In other words, it is my opinion that, if the designation of the material is essential to the acquiring of jurisdiction, a substantial departure

from the named material in the construction of the improvement operates as a complete loss of the jurisdiction so obtained.

If the city council desired to surface these streets with either pitch or oil, it should have named both materials in the resolution of necessity, and then should have chosen the proper one at the outset; but it cannot name one in a resolution of necessity and choose that one, and then use another, under the claim that it got jurisdiction to do so by the original resolution of necessity.

I think the proceedings in regard to the surfacing of the two streets with oil were absolutely void, and that the special assessment levied therefor should be enjoined; that no jurisdiction whatever was acquired, in the first instance, to surface these streets with anything but pitch, and the attempt to use an entirely different substance was wholly without jurisdiction, and invalid. It is also to be noticed that there is no claim of estoppel except by failure to pursue the statutory remedy by objection before the council. There is neither allegation nor proof that the taxpayers knew that the council was using oil instead of pitch, and that they were being taxed for surfacing with oil, instead of pitch. I think that so much of the assessment as was levied for the improvement in surfacing Main Street and Grand Avenue with oil was wholly void, and that the collection of the same should be enjoined.

To this extent I dissent. I am authorized to say that Justices Stevens and De Graff join in this dissent as to this portion of the opinion.

We hold that, in order for the city council to obtain jurisdiction of the subject-matter of a street improvement, there must be a substantial compliance with the requirements of the statute conferring such jurisdiction. We hold that, under the facts of the instant case, there was no such substantial compliance with the provisions of the statute as gave the city council jurisdiction to undertake the work of repair and reconstruction on Duff, Douglas, and Kellogg Avenues; and that the assessment for the cost of said improvement was absolutely void, and can be enjoined in a court of equity. We hold that there was a sufficient compliance with the provisions of the statute to give the city council jurisdiction to levy an assessment for the cost

of repair and reconstruction by relaying wood block paving of approximately 2,000 square yards on Main Street, and that the assessment levied therefor was valid. We hold that there was such substantial compliance with the statute as gave the city council jurisdiction to undertake the improvement of coating the surface of the wood block paving on Main Street and Grand Avenue with pitch; and that the substitution of oil for pitch for the purposes of coating part of said wood block paving on said two named streets was not such departure from the subject-matter, for which jurisdiction had been obtained by the city council, as to render the special assessment levied therefor absolutely void; but that it was such an error or irregularity as it is contemplated shall be reviewed by the city council on objections filed under the provision of Section 824 of the Code; and that the appellees herein, having failed to file any such objections before the city council as to said special assessment, have waived their right to such objections, and are not entitled to injunctive relief against the said assessment. As to this last pronouncement, the court is divided.

It follows from the foregoing that the decree of the district court should be modified so that an injunction shall issue restraining the collection of any and all special assessments levied by the appellant city for the repair and reconstruction by relaying wood block paving on Duff, Douglas, and Kellogg Avenues.

As to the other relief prayed for by the appellees, an injunction should have been denied. The cause will be remanded to the district court for decree in accordance with this opinion, or the parties may have a decree entered in this court, as they may elect.

The costs in this court will be taxed one third to the appellant and two thirds thereof to the appellees. It is so ordered.— *Reversed in part; affirmed in part.*

EVANS, C. J., WEAVER, PRESTON, and ARTHUR, JJ., concur.

STEVENS, FAVILLE, and DE GRAFF, JJ., concur in part and dissent in part.