FRED G. PAUL, Appellee, v. MARSHALL COUNTY et al., Appellants.

**HIGHWAYS:** Improvements—Special Assessment—Appeal as Sole **Remedy.** The objection that the board of supervisors levied an assessment for a highway improvement against an entire 40-acre tract, instead of that part only which was at right angles to the improvement, must be presented on appeal from the assessment, and not by an independent action in equity.

Headnote 1:   29 C. J. p. 746.

Headnote 1:   25 R. C. L. 195 *et seq.*

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 13, 1927.

Action in equity, to cancel and set aside the assessment for a portion of the expense of a primary road improvement, to enjoin the collection thereof, and to recover three annual installments of said tax paid by appellee under protest. There was a decree as prayed, and the defendant appeals.—*Reversed.*

*E. N. Farber,* for appellants.

*C. H. Van Law,* for appellee.

STEVENS, J.—Appellee is the owner of the northeast quarter of the northeast quarter of Section 14, Township 84, Range 18, Marshall County, Iowa.    Primary Road No. 14 extends north and south on the east side of the above tract, and was paved from the south to a point 123 feet north of the south line of the above described tract.    The assessment was levied August 26, 1921, and the petition in this action was filed November 22, 1924.

The sole question presented is: Did the board of supervisors have jurisdiction to levy an assessment for a portion of the cost of said highway improvement against the tract described, or any part thereof? It is conceded that all of the proceedings of the board of supervisors were regular.

The statute in force (Section 4697, Code of 1924) at the time the improvement in question was made and the assessment levied, provided that:

"All real estate lying upon and immediately adjacent to each side of the highway, and constituting two continuous zones each 320 rods in width, measured from the center of the highway, shall be included within each district. * * *"

Only the south 123 feet of the land described were on the west side of the pavement.    Appellee has not seen fit to file a brief in this court, but we gather from the record before us that his contention in the court below was that the board had authority only to assess the south 123 feet of appellee's tract: that is to say, that the land subject to assessment was that part of the tract that lay at right angles to the improvement.

The statute also provided that any landowner aggrieved by an assessment may appeal therefrom to the district court, by filing with the county auditor, within 15 days from the date of such levy, a bond conditioned to pay all costs in case the appeal is not sustained, and a written notice of appeal, which shall point out with particularity the specific complaint which he desires to lodge against the levy.    Section 4713, Code of 1924.

The questions presented are analogous to those arising from street and alley improvements in cities and towns.    Appeals from assessments levied for highway improvements are heard in equity, and the court is given express authority to raise or lower the assessment and make such an assessment as, in the judgment of the court, will be equitable.    If the board of super-

visors had jurisdiction to levy an assessment for any amount upon any portion of appellee's tract, and he was aggrieved by the action taken, his remedy was by appeal. All of the matters of which he now complains could have been corrected on appeal. The collection of a special assessment will be enjoined only when the action of the assessing body was wholly void. This is the rule generally and particularly in cases of this character. Manning v. City of Ames, 192 Iowa 998.

No attempt was made by either party to prove what amount might properly have been levied against the south 123 feet of appellee's land. If we assume, for the purpose of this case only, that the contention of appellee on this point is correct, there is no way by which this court can ascertain the amount, if any, that should have been levied against appellee's land. It is clear that the assessment was not levied by the board of supervisors without jurisdiction, and is not wholly void. This being true, cancellation thereof should not have been decreed, nor should judgment have been entered against appellant for the payments made. The remedy by appeal was adequate.

For the reasons indicated, the judgment and decree of the court below is in all respects reversed.—*Reversed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.