[L. A. No. 2488.   Department One.—June 13, 1910.]

# A. L. ROSS, Appellant, v. BARBER ASPHALT PAVING COMPANY, Respondent.

STREET ASSESSMENT—CORNER LOT—COMBINED FRONTAGE.—The provision of the Vrooman Act for the assessment of corner lots in accordance with their combined frontage on two streets is constitutional and valid. Such property, by virtue of its position, receives a double benefit from the street improvement.

ID.—VALIDITY OF METHOD OF VROOMAN ACT.—There can be no question of the validity of the general method of the Vrooman Act for assessing property for street improvements, according to the frontage thereon.

APPEAL from a judgment of the Superior Court of San Diego County.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellant.

H. E. Doolittle, and E. S. Torrance, for Respondent.

SLOSS, J.—The plaintiff appeals from a judgment in favor of defendant in an action for the cancellation of a street assessment. The judgment was entered upon the sustaining of a demurrer to the complaint.

Two of the appellant's objections to the proceedings are answered by a reference to *Gay v. Engebretsen*, (L. A. No. 2455), *ante*, p. 21, [109 Pac. 876], where we held the same points to be without merit.

An additional question is here presented. The court, on motion of the defendant, struck from the complaint certain allegations relative to the method of computing the assessments. The work covered by the contract consisted of paving Seventh Street from the south line of B Street to the north line of L Street. In this distance there were various intersections of cross-streets, among others, I Street. Plaintiff was the owner of a corner lot, having a frontage of 50 feet on Seventh Street, and 100 feet on I Street. The matter stricken out consisted of averments that the superintendent, in making

the assessments, had made the same in accordance with the frontage of the lots on Seventh Street, except in the case of intersections, for which he had assessed corner lots in accordance with their frontages on both Seventh Street and the cross-street, while inside lots were assessed only on the basis of frontage on Seventh Street.

That this method was the one prescribed by the Vrooman Act (Stats. 1885, p. 152, sec. 7, subd. 3), is not disputed. It is claimed, however, that the statutory provision for assessing intersections is in violation of the constitution. The contention does not appeal to us as tenable. There can no longer be, in this state, any question of the validity of the general method provided by the Vrooman Act for assessing property for street improvements according to the frontage of the property on the line of the improvement. (*Hadley* v. *Dague*, 130 Cal. 207, [62 Pac. 500] ; *Duncan* v. *Ramish*, 142 Cal. 686, [76 Pac. 661].) Where the work consists of an intersection of two main streets, the act assesses the cost "at a uniform rate per front foot of the quarter blocks . . . adjoining and cornering upon the crossings." There is neither inequality nor injustice in this. The result is, no doubt, to put a heavier burden upon corner lots than upon inside lots. But the burden is merely proportionate to the benefit resulting from the improvement. The legislature has, in effect, declared that the improvement of the crossing of two streets benefits the property fronting on each of such streets for one half of the distance from the intersection to the next main street. (Sec. 3, subd. 12.) There is thus created an assessment district, and every lot within this district is assessed in proportion to its frontage. A corner lot pays more because it is doubly benefited. The crossing may reasonably be regarded as a part of each of the intersecting streets. Its improvement is a benefit to the land fronting on each. The owner of the corner lot is, therefore, deprived of no constitutional right when the legislature provides that his property shall be assessed according to its combined frontage on the two streets.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.