GODFREY DURST, Appellant, v. THE CITY OF DES MOINES,
ET AL., Appellees.

**Municipal corporations:** SPECIAL ASSESSMENTS: REMEDY OF PROPERTY
1   OWNER. Objection before the city council and appeal to the courts
is the exclusive remedy of a property owner who is aggrieved by
any error or irregularity in the notices or proceedings leading to
a special assessment of his property for an authorized public im-
provement, and in failing to do so his objections are waived; and
in no such case can an independent action in equity be maintained
to set aside a special assessment, without a showing of fraud.

**Same:** VALUATION OF PROPERTY: JURISDICTION. The erroneous valua-
2   tion of property by the city council does not deprive it of juris-
diction to levy a special assessment against it for a public improve-
ment; as this is not a jurisdictional question, but one for determi-
nation by the council, and any error of the council in fixing a valua-
tion may be reviewed on appeal, proper objection having been made.

**Same:** LIMITATION OF ASSESSMENT: SINGLE IMPROVEMENT. The
3   statute provides that no assessment for a public improvement shall
exceed twenty-five per cent of the value of the property; but this
applies in the case of each distinct improvement without reference
to other burdens which the property may have been compelled to
bear for other improvements. Thus where property abuts upon two
different streets which are improved at different times, each sepa-
rate improvement may operate to create like special benefits, and
will not be treated as a single improvement within the statute
limiting the imposition of special assessments.

**Same:** CONSTITUTIONAL LAW: ASSESSMENT OF PROPERTY: NOTICE:
4   DUE PROCESS. As the statute expressly authorizes the city council
to levy special assessments for public improvements, and provides
that the assessed valuation of the property shall only be *prima facie*
evidence of its value, the council in apportioning the benefits may
determine the value of the property without notice to the owner;
and as the statute provides for notice to the owner of the proceed-
ings leading up to the assessment its valuation without notice does
not work a deprivation of property without due process.

*Appeal from Polk District Court.*—HON. CHAS. S. BRADSHAW, Judge.

TUESDAY, FEBRUARY 17, 1914.

ACTION in equity to set aside a certain special assessment on real estate in the city of Des Moines, and to enjoin the collection thereof. The defendants' demurrer to the petition having been sustained, and plaintiff electing to stand on his pleading without amendment, the action was dismissed, at his costs, and he appeals.—*Affirmed.*

*Dale & Harvison,* for appellant.

*Robt. O. Brennan, H. W. Byers,* and *Eskel C. Carlson,* for appellees.

WEAVER, J.—Lot 1 in Shepard's addition to the city of Des Moines fronts to the east on East Second street, and is bounded on its north side by Maple street. Lot 18 lies immediately south of said lot 1, fronting also upon East Second street, and is bounded on the south side by Shepard street. The plaintiff owns the east one-half of the lots so designated, and has no interest in or title to the west half thereof. In the year 1907 the city caused East Second street at this point to be curbed, and for the expense thus created a special assessment of $32.45 was laid upon each tract. In the following year, 1908, the city caused East Second street to be paved, and of the cost of this improvement the sum of $266.38 was assessed upon each of said half lots. During the next succeeding year, 1909, the city caused Maple street to be paved along the north side of said lot 1, and of this expense the sum of $192.27 was assessed upon the east half of said lot. This last or third item is the only one in controversy in this action; but a statement of the first and second items is necessary to an understanding of the grounds upon which the

plaintiff demands relief. The general assessment roll for the years 1907 and 1908 shows the two half lots to have been valued together at $1,500 for the purposes of taxation. When the special assessments were made in the years 1907 and 1908 for the curbing and paving of East Second street, the subject of the actual value of the property was considered by the city council, and each half lot was found to be worth $1,500. When the special assessment (the one in controversy) was made in 1909 for the paving and curbing of Maple street, the actual value of the east half of lot 1 was again considered by the city council, and found to be $1,200. The plaintiff is and at all times has been a nonresident of Des Moines and Polk county, and he was given no notice of the institution of the proceedings or of the assessments proposed to be made except by publication in the manner provided by the statute (Code, secs. 810 and 823). He did not appear in the proceedings at any stage thereof, and did not appeal to the district court from the levy of the special assessment. It should be said, however, that, after the levy of tae first and second special assessments for expense of the work done on East Second street, he brought an action in equity to enjoin the enforcement thereof, .on the grounds (1) that notice of the consideration of the resolution of necessity had not been published as required by law; (2) that the resolution itself was not sufficiently full or specific; and (3) that the levy made upon the property was in excess of one-fourth of its value as shown by the records of its last assessment for general taxing purposes. The judgment of the trial court denying the relief asked in that case was brought here on appeal of the plaintiff, and affirmed. See *Durst v. Des Moines*, 150 Iowa, 370. Reference to the opinion in that case shows that we there held the objections to the publication of notice and to the sufficiency of the resolution of necessity were not well taken, and as to the third objection it was further held that, even if it should be admitted that the city council erred in not treating the assessed

value of the property as its actual value for the purposes of the special levy, plaintiff's remedy was by appeal to the district court, and, having failed to avail himself thereof, he must be conclusively presumed to have waived the objection.

In his petition in the present action the plaintiff recites the facts relating to the several special assessments mentioned above, and seeks to have the one which was made in 1909 on the east half of lot 1 for the expense of curbing and paving Maple street declared void and unenforceable, upon the theory that, the two prior assessments upon the same property for curbing and paving East Second street having aggregated more than 25 per cent. of its assessed value, it could not lawfully be charged with any additional liability for the work done on Maple street. In other words, it is the theory of the petition that the curbing of East Second street in 1907, the paving of East Second street in 1908, and the curbing and paving of Maple street in 1909 constituted in law and in fact but a single improvement, for which, under the provisions of Code Supplement, sec. 792-a, the property in question could be made liable to no greater amount than 25 per cent. of its assessed value, and that, such limit having been reached in the two earlier levies, the present special assessment for the paving on Maple street is void for want of authority in the city council to make it.

In a second count of the petition the plaintiff makes the further claim that, even if it be conceded that under the statute it was competent for the council to find the actual value of the property to be in excess of the estimate shown by the general assessment roll, and to make special assessments thereon up to the limit of 25 per cent. of such actual value, yet this could lawfully be done only upon notice given to plaintiff and opportunity afforded him to contest such question of actual value. He alleges that no such notice or opportunity was given, and because of such omission the act of the council in treating the property as of a value greater than was shown by the general assessment roll was unau-

thorized, and the enforcement of a levy so made operates to deprive him of his property without due process of law in violation of familiar constitutional provisions.

I. The questions thus raised are not altogether new, though perhaps not before presented to us in a form quite so concrete or definite, and they have been argued with the painstaking care and thoroughness which are characteristic of the learned counsel who bring them to our attention. The law prescribing and limiting the power of municipalities to make street improvements, and more particularly improvements the expense of which is to be laid upon abutting property, is a prolific source of litigation, and it is to be confessed that the courts, in their anxiety on the one hand to preserve the rights of the individual property owner against confiscation or undue aggression, and to avoid on the other hand such narrowness of statutory construction as will hamper or defeat the progress of authorized municipal improvements, have found it very difficult to so plainly define the jurisdiction of a city council and the necessary incidents thereto as to remove that question from the field of debate. A more or less successful attempt to accomplish that end has been made by the Legislature in framing our present Code and its amendments.

Jurisdiction of the parties interested in the institution of proceedings for such improvement is obtained by publication of notice of the preliminary resolution of necessity. Code, sec. 810. Jurisdiction to make special

1. MUNICIPAL CORPORATIONS: special assessments: remedy of property owner.

assessments for the cost of an improvement so authorized and constructed is obtained by publication of notice of the time when and place where objections thereto may be presented and considered. Code, sec. 823. These notices being given in the statutory manner, all property owners are presumed to have cognizance of the details involved in the preparation for and execution of the work of improvement, and, if there be any ground of complaint on account of errors or irregularities

in the special assessments, or on account of any of the prior notices or proceedings leading up to such assessments, the party aggrieved must appear before the city council and make the objection on which he relies, and, failing so to do, his objections are deemed to have been waived. Code, secs. 823 and 824. The only exception to this rule which the statute recognizes is where fraud is shown. If, having made his objections known to the city council as provided by law, they are overruled or ignored, he may have the proceedings reviewed upon appeal to the district court. Code, sec. 839. If there was ever any doubt whether this remedy was exclusive, and that under such circumstances, and without showing of fraud, no action can be maintained in equity to set aside or annul a special assessment for a work of public improvement, it no longer exists. *Railroad Co. v. Lindquist,* 119 Iowa, 144; *Owens v. Marion,* 127 Iowa, 469; *Nixon v. Burlington,* 141 Iowa, 316; *Land Co. v. Des Moines,* 144 Iowa, 629; *Reed v. Cedar Rapids,* 137 Iowa, 107; *Andre v. Burlington,* 141 Iowa, 65; *Durst v. Des Moines,* 150 Iowa, 370.

It is necessary consequence of the cited statutes and the decisions of this court relating thereto that, if the plaintiff herein has any standing in a court of equity as an applicant for relief from the special assessment complained of, it must be because such assessment is for some reason absolutely null and void. No complaint is made, nor is any fact stated, tending to show any failure or omission to publish the statutory notice of the preliminary resolution or notice of the time and place where the matter of special assessments was to be considered. On the contrary, the allegations of the petition are such that upon demurrer thereto we must presume the giving of the proper statutory notices, and, there having been no appeal from the assessments, their sufficiency must be taken as unimpeachable, unless it shall appear from the facts alleged by the plaintiff that, no matter how regular and technically perfect the proceedings of the city council in ordering and constructing the improvement, it was clearly and distinctly

beyond its power and authority to impose and charge liability of any kind upon the said east half of lot 1 for improvement of Maple street, which bounded and abutted it on the north side. And such, if we understand plaintiff's counsel, is the position they take.

Passing for the present the constitutional objection, we are quite clear the ground thus taken is not tenable. The power to pave and improve its streets and assess the cost upon abutting property is expressly given the city. Code, sec. 792. True, that power is limited by the provision that, when the city levies a special assessment for any public improvement against any tract of land, such assessments shall not be in excess of the special benefits conferred, or in excess of 25 per cent. of the actual value of such tract at the time of the levy, of which value the last preceding assessment roll shall be *prima facie* evidence. Code Supp. 1907, sec. 792-a. But this provision necessarily vests the council with authority and imposes upon it the duty to inquire into and consider the actual value of each abutting tract of land in order that the special assessment it proposes to make shall not exceed the statutory limit. The determination of this question inheres in every assessment made by the council. An error in estimating the value of the property, or in the extent of the special benefits accruing to the land, or in the amount properly chargeable to any abutting property, does not go to the jurisdiction of the council, but to an incident or detail of the proceedings, and the property owner complaining thereof should lay his objection before the council, and upon an adverse ruling there may appeal to the district court. In no other way can the statute be given practical effect or the decisions above cited be sustained.

2. SAME: valuation of property: jurisdiction.

The property in the present case admittedly abuts upon the improvement. There is, as already said, no showing or claim that the statutory notices required in such cases were not duly published, and such service has always been held

sufficient to charge the owner, although a nonresident, with notice of the proceeding. Upon such a record the plaintiff's failure to pursue his remedy by appeal forecloses his claim for relief against a special assessment on abutting property. If plaintiff believed or claimed that his property had already been assessed to its full statutory liability for this same improvement, and should therefore be exempt from contribution to the cost of paving Maple street, it was his undoubted right to assert that claim before the city council, and it was equally within the undoubted jurisdiction of the council to consider and pass upon the issue so raised. To say that under such circumstances a property owner may withhold his appearance and objections in the proceedings of which he has been duly notified, and go into equity to vacate an assessment which he might have successfully resisted in the tribunal established for that purpose, would be to destroy the efficiency of the law enacted for the construction of public improvements. In short, assuming, as we must, that the proceedings before the council for the construction of the improvement in question were regularly instituted by service of the proper notices and jurisdiction thereby acquired by the council to consider and pass upon the liability of abutting property to contribute to the cost of such improvement, we hold that, plaintiff having failed to make known his objections to the assessment upon his property, and having failed to take advantage of his right to appeal from such assessment, an action in equity will not lie on his behalf to contest the validity or amount of such assessment.

II. Even were the point just decided to be waived or ignored, we should be compelled to hold against the plaintiff upon his contention that the curbing and paving done on East Second street in 1907 and 1908 and the curbing and paving done in 1909 on Maple street were in law or in fact one and the same improvement so far as relates to the property in question. The question thus raised is not analogous to the one consid-

3. SAME: limitation of assessment: single improvement.

ered by us in *Bailey v. Des Moines,* 158 Iowa, 747. In that case the city had adopted the scheme of letting the paving and curbing of a street in separate contracts, the work in both being carried on at the same time, and constituting to all intents and purposes a single improvement; and we held that the combined cost of both paving and curbing was to be taken into consideration in determining whether the statutory limit of liability to which abutting property could be subjected on that account had been exceeded. The conclusions there reached and the decision there announced we adhere to without qualification. Here, however, we have to consider two distinct streets which happen to intersect and a tract of land which happens to be situated at the intersection. In other words, it is a "corner lot," abutting at one end on one street, and at one side abutting upon the other street.

East Second street was first improved, and for the purposes of this case we may concede that for this improvement the corner lot was subjected to a special assessment to the full one-fourth of its actual value. Later Maple street was also ordered paved. On what theory can it be said that the old paving on the one street and the new paving on the other street constitute a single item or unit of improvement? It is true they intersect at this corner, and they each improve the ease and means of access to the same lot, and facilitate public use of an adjacent highway. But likeness of improvement is not identity of improvement. Suppose, for instance, that a party owns an entire tract surrounded by four several streets, and the city following the commonly observed custom, extends its paving gradually to accommodate its growth in population and business, improving perhaps one street at a time at intervals of a year or several years; may such owner properly insist that the entire paving which surrounds his lot, though it includes parts of the improvement of four distinct streets constructed at different times and pursuant to different ordinances, is yet a single improvement as to his property? It would be a most unwarrantable perversion

of language to so hold. The language of the statute is that, ''when any city council levies any special assessment for any public improvement against any lot or tract of land, . . . such assessment shall not be in excess of twenty-five per centum of the actual value of the lot or tract at the time of levy and the last preceding assessment roll shall be taken as *prima facie* evidence of such value.'' In other words, each separate public improvement is to be dealt with on its own merits, and according to ,its own peculiar circumstances, and the limit of 25 per cent. is to be applied in the case of each distinct improvement, without reference to other burdens which the property may have been compelled to bear for the construction of other improvements. That the paving of two different streets constitutes two distinct improvements we think is not open to serious doubt, and the fact that the separate improvements may each operate to create like special benefits upon the same lot does not serve to effect their coalescence into a single improvement for the purposes of the statute limiting the imposition of special assessments. In the form here presented the question under consideration has never been directly passed upon by this court; but the statute is not so obscure as to call for frequent judicial construction.

It has been held that assessments upon the same corner lot for similar improvements made upon two streets bordering its front and side lines are not double taxation (*City v. Dorr*, 31 Iowa, 89; *Morrison v. Hershire*, 32 Iowa, 271)—a rule which involves to some extent the principle which we here affirm. And indeed, the fact that the paving of different and distinct streets constitutes different and distinct items or units of public improvement even where the same lot is affected is so evident from the mere statement that it is somewhat difficult to make it clearer by interpretation or illustration. It is only when we import into or extract from the words of the statute something more than is there plainly expressed that any room for doubt is found.

III. The constitutional question, if we correctly appre-

hend the position of counsel, is that, in the absence of evidence to the contrary, the city council in levying a special assessment is bound to accept the value of the property as shown by the last preceding assessment roll. It is further contended that the fixing of any greater value upon such property than is shown by the assessment roll is in effect an increase of its assessment for the purposes of such special taxation, and this can constitutionally be done only upon notice to the owner and opportunity given him to resist such increase. It is also alleged, and the demurrer admits, that no notice was given the plaintiff of the action of the council finding the property to be of greater value than is disclosed by the assessment roll, except such constructive notice as was given by publication as hereinbefore mentioned.  For this reason, plaintiff says the effect of this action of the council is to deprive him of his property without due process of law.  The statement of constitutional right is, as an abstract proposition, concededly sound; but the facts alleged in the petition fall far short of making a case for its application.  The statute referred to does not provide for an assessment of the property nor an increase of its assessment as a basis of taxation.  The city council did not assess or increase the assessment of the lot in question.  The statute did not require the council to adopt the value of the lot as shown by the last preceding assessment roll.  On the contrary, it specifically provides that the limitation of the liability of the property shall be 25 per cent. of ''the *actual* value of the lot or tract at the time of the levy of the assessment,'' and the only reference to the last preceding assessment roll is to make it admissible as ''evidence of such value.''  A special assessment is not a tax levied upon property according to its value.  The charge or levy laid thereon is specific rather than *ad valorem,* and until the enactment of the cited statute (Code Supp. 1907, section 792a) the burden so imposed had no relation to the value of the property, but was limited alone by the extent of the bene-

4. SAME: constitutional law: assessment of property; notice: due process.

fits accruing to the property from the improvement the cost of which was thus provided for. It might happen and sometimes did happen that a valid special assessment would exceed the value of the property as it stood before the improvement. The present statute does no more than to limit such liability to 25 per centum of the actual value of the property at the time of the levy, but in no manner changed the nature of a special assessment.

Now, as we have already said, the matter of apportioning the cost of the improvement to the several tracts of property was a duty expressly committed to the city council. It was an essential part of the proceedings which had been regularly instituted for the improvement of Maple street. Notice of the assessment and of the time and place for hearing of objections thereto was given as the statute provides, and this, we think, was due process of law within the constitutional meaning of that phrase. *Ross v. Supervisors,* 128 Iowa, 438; *King v. Portland,* 184 U. S. 61 (22 Sup. Ct. 290, 46 L. Ed. 431); *Hagar v. District,* 111 U. S. 701 (4 Sup. Ct. 663, 28 L. Ed. 569); *Bank v. Pennsylvania,* 167 U. S. 461 (17 Sup. Ct. 829, 42 L. Ed. 236); *Railroad Co. v. Backus,* 154 U. S. 421 (14 Sup. Ct. 1114, 38 L. Ed. 1031); *Paulsen v. Portland,* 149 U. S. 30 (13 Sup. Ct. 750, 37 L. Ed. 637); *Railroad Co. v. Minnesota,* 159 U. S. 526 (16 Sup. Ct. 83, 40 L. Ed. 247); *Hibben v. Smith,* 191 U. S. 310 (24 Sup. Ct. 88, 48 L. Ed. 195); *Spencer v. Merchant,* 125 U. S. 345 (8 Sup. Ct. 921, 31 L. Ed. 763); *Ballard v. Hunter,* 204 U. S. 241 (27 Sup. Ct. 261, 51 L. Ed. 461).

The substance of these holdings is to the effect that, if provision is made for notice to and hearing of the property owner at some stage of the proceedings upon the question as to what proportion of the cost of the improvement shall be assessed upon his land, there is no taking of property without due process of law. The statute authorizing the paving of city streets does provide such an opportunity and for notice thereof by a prescribed manner of publication before the

levy is made. It would have been competent for the Legislature to make the finding of the council conclusive upon the matter of such objections (see *Ross v. Supervisors, supra*) ; but it goes further and gives the owner the opportunity of another hearing on appeal, and this certainly answers all the requirements of due process. Due notice for this purpose may be given by publication. See *Ballard v. Hunter*, 204 U. S. 241 (27 Sup. Ct. 261, 51 L. Ed. 461), and cases already cited. Notice being given, the plaintiff must be presumed to have known that the council was authorized to charge his property with its proportion of the expense of the paving up to the statutory limit of 25 per cent. of its actual value at that time, not its value at the time the last preceding assessment roll was made, but its value as it then stood "at the time of the levy of the assessment"; reference being had to such assessment roll only as a matter of evidence bearing upon the then present value. We are to presume that the council did its duty, and gave the assessment roll due consideration as an item of evidence; but its finding that the value at the time of the levy was largely in excess of that stated in the roll was clearly within its power to make, and error, if any, therein could be corrected only on appeal. He has been denied no right assured to him by the Constitution or by the statute, and the trial court was correct in holding that an action in equity to set aside the special assessment could not be maintained.

We do not undertake any review of the many authorities called to our attention. We have examined them with care, and find them not inconsistent with the views here expressed or the conclusions here reached.

For the reasons stated, the decree of the district court is *Affirmed.*

LADD, C. J., and DEEMER, EVANS, PRESTON, GAYNOR, and WITHROW, JJ., concur.