W. E. EVANS, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Excessive Special Assessments—
Exclusive Procedure. Right to object to the *excessiveness* of
special assessments for paving, etc., is, in the absence of fraud,
irrevocably lost by failure to raise said question by proper ob-
jections before the city council within 20 days after the publi-
cation of the notice of the filing of the assessment plat and
schedule; and the naked fact that the assessment is *in excess
of 25 per cent of the value of the property* does not, in and of
itself, indicate any fraud.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF,
Judge.

NOVEMBER 16, 1918.

APPEAL from the proceedings of the city council of the
city of Des Moines in the matter of an assessment for the
cost of paving a street abutting upon plaintiff's property.
—*Affirmed.*

*Chester J. Eller,* for appellant.

*H. W. Byers* and *Guy A. Miller,* for appellee.

PER CURIAM.—Plaintiff alleged in his petition that he
is now, and was during the year 1917, the owner of Lot 131,
Goode and Like's Addition to the city of Des Moines, which
property abuts on East Eighteenth Street in said city;
that, some time prior to August 1, 1917, the defendant, by
its proper officers, levied an assessment of $469 against said
property for the cost of certain paving on East Eighteenth
Street; that, on August 1st, plaintiff signed the usual writ-
ten waiver, for the purpose of obtaining the privilege of
paying his assessment in annual installments; that, some
days later, but during the same month, he, in writing, com-
plained to the city council that he had signed said waiver

without knowledge of the amount assessed against his property, and that he had relied upon the city council's observing the statute limiting its power to levy an assessment in excess of 25 per centum of its value, which was $500, and asked that the said waiver be set aside, and the assessment corrected so that same would not exceed 25 per centum of the value of the property; that city council declined to change the assessment; and that the same amounts to a fraud, within the meaning of Section 824 of the Code, which is as follows:

"All objections to errors, irregularities or .inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

To this petition, defendant filed a general equitable demurrer, which was sustained by the court. Plaintiff appeals.

Appellant did not appear before the city council, within the time provided by statute, and object to the assessment, and does not now claim there was other illegality or irregularity in its proceedings, than as above stated. Section 823 of the Code provides as follows:

"After filing the plat and schedule, the council shall give at least ten days' notice by two publications in each of two newspapers published in the city, if there be that number, otherwise in one, and by handbills posted in conspicuous places along the line of such street improvement or sewer, that said plat and schedule are on file in the office of the clerk, and that within twenty days after the first publication all objections thereto, or to the prior proceedings, on account of errors, irregularities or inequalities, must be made in writing and filed with the clerk; and the council, having heard such objections and made the necessary corrections, shall then make the special assessments

as shown in said plat and schedule, as corrected and approved."

Section 792-a of the Supplement to the Code, 1913, provides as follows:

"When any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

But this court held, in *Durst v. City of Des Moines,* 164 Iowa 82, that, while the city council is limited, in making assessments, to actual benefits conferred, and in no event to exceed 25 per centum of the actual value of the property to be assessed, it has the authority and duty of determining the actual value of each abutting tract of land, the assessed valuation being only prima-facie evidence there of its value. Mr. Justice Weaver, speaking for the court, referring to the above section, said:

"But this provision necessarily vests the council with authority, and imposes upon it the duty to inquire into and consider the actual value of each abutting tract of land, in order that the special assessment it proposes to make shall not exceed the statutory limit. The determination of this question inheres in every assessment made by the council. An error in estimating the value of the property, or in the extent of the special benefits accruing to the land, or in the amount properly chargeable to any abutting property, does not go to the jurisdiction of the council, but to an incident or detail of the proceedings; and the property owner complaining thereof should lay his objection before the council, and, upon an adverse ruling there, may appeal to

the district court. In no other way can the statute be given practical effect, or the decisions above cited be sustained."

Section 823 of the Code, supra, points out clearly the course to be pursued by the property owner against whose property the municipality proposes to levy a special assessment. Section 810, Code Supplement, 1913, confers jurisdiction upon city and town councils to make, reconstruct, or improve streets by paving, macadamizing, curbing, guttering, etc. A tribunal has, therefore, been provided to pass upon all objections to special assessments for paving purposes, to correct inequalities therein; and, if the owner deems himself aggrieved, appeal may be taken to the district court. The procedure pointed out by statute is exclusive, and the decision of the tribunal, unless appealed from, conclusive and binding upon the owner of the property assessed, except in case of fraud. *Durst v. City of Des Moines,* 150 Iowa 370; *Durst v. City of Des Moines,* 164 Iowa 82; *Owens v. City of Marion,* 127 Iowa 469; *Hubbell, Son & Co. v. City of Des Moines,* 168 Iowa 418.

As we interpret plaintiff's petition, it does not charge fraud in the proceedings of the city council, or that he was misled thereby, or induced to forego his appearance before it, or to file objections to the proposed assessment, until the time allowed therefor had expired. The only suggestion of fraud in the petition is that the assessment against the property is in excess of 25 per centum of the actual value thereof. This fact alone falls far short of alleging fraud, within the meaning of the statute. The assessment may be excessive and burdensome; but the city council was empowered to ascertain and determine the fair value of the property for the purpose of making the assessment, and that it erred in judgment therein, resulting in the levy of the assessment complained of, does not entitle plaintiff to the relief sought. That question cannot now be tried. It should have been raised before the tribunal

provided by law for the hearing thereof, and, in case of an adverse holding, appeal taken to the district court.

Upon a trial of the issues tendered by plaintiff's petition, the only question for the determination of the court would be whether the assessment exceeds the statutory limitation. The trial of this question is precluded by the failure of plaintiff to follow the procedure pointed out by statute, and to make timely objection to the action of the lower court.

It follows that the judgment of the court below is—
*Affirmed.*

PRESTON, C. J., LADD, WEAVER, and GAYNOR, JJ., concur.