GEORGE F. MILLER, Appellant, v. CITY OF SHELDON, Appellee.

MUNICIPAL CORPORATIONS:  Public Improvements—Assessments—
Dual Improvements for Assessment Purpose.  Two independent pav-
ing projects on intersecting streets, instituted and carried on at
the same time, and presumptively in good faith on the part of the
city council, may not be said to constitute but *one* improvement for
the purpose of assessment, under the statute limiting assessment to
benefits and to an amount not exceeding 25 per cent of the value
of the property.

*Appeal from O'Brien District Court.*—C. C. BRADLEY, Judge.

OCTOBER 24, 1924.

PLAINTIFF filed timely objections with the city clerk of
Sheldon, Iowa, to the action of the city council of Sheldon, Iowa,
in fixing certain assessments for the paving of two intersecting
streets in said city, against the plaintiff as the owner of a corner
lot at the intersection of said streets.  The objections having
been overruled, an appeal was taken to the district court, where
it was contended by appellant that the proceedings of the coun-
cil in the improvement of the two streets constituted but one im-
provement, and that the real estate in question was subject to
one assessment, under the provisions of Code Section 792-a, 1913
Supplement, and not in excess of 25 per cent of the value of the
property.  The trial court found the value of appellant's lot to
be in the sum of $800, and that the improvement on each of the
two streets constituted a separate and distinct improvement, and
that there was conferred upon the lot in question by each of
the said improvements special benefits in the sum of $200.  From
the judgment and decree entered, the plaintiff appeals.—
*Affirmed.*

*Reed Babcock,* for appellant.

*G. C. Murray,* for appellee.

DE GRAFF, J.—This action involves paving assessments in
the improvement of two intersecting streets in the city of Shel-

don, Iowa, against the appellant, George F. Miller, who is the owner of a corner lot at the intersection of said streets. No question is raised as to the validity of any of the proceedings of the city council in .connection with the improvements, nor is the value of appellant's property or the special benefits conferred by the improvements involved on this appeal. But·one question is presented: Are the instant improvements upon the two streets fronting and abutting the property of appellant to be considered, for the purpose of assessment against him as owner, but one improvement?

The record discloses that all of the proceedings having to do with the paving of the two streets were entirely distinct, separate, and independent, from the adoption of the resolutions of necessity to the making of the schedule of assessments, and that the paving of the two streets was viewed by the council as separate improvements. Under such circumstances, is a court privileged to review and impeach the action of a city council as to the manner of carrying out a public improvement of this character, in the absence of fraud or bad faith?

We have the mere incident that both streets were ordered improved by the city council at the same time, but under separate resolutions; and the only element, therefore, upon which a court could predicate that a single improvement was contemplated and constituted, is the element of time. The parcel of land owned by appellant is a single lot; and it must be conceded that the city council could have improved either street abutting said lot, without reference to the other street. It happened that the paving of each street was considered at the same time, but as distinct and separate improvements.

We are not concerned here with the reason or motive of the city council in the manner in which it acted. The provisions of the statute which authorize the creation of liability were respected, and the liability for the payment of the improvement was created by the action of the city council under statutory power. The statute fixes the property that may be assessed; but the duty of determining what property is benefited and the quantum of benefit, is vested in the municipality, with the right of appeal to a-party claiming to be aggrieved. It may be-that

the council, in providing for the two improvements at the same time, was actuated by the fact that better bids could be secured, resulting in a lower cost of construction. Clearly, it was its right to improve either one or both of the streets; and, had the council ordered one street improved, and later ordered the other improved, appellant would not be placed in a more advantageous position. No court will lend its aid to any political body to evade the law; but there is no intimation in the record that the city council was acting in bad faith or attempting to evade the law. If the city can legally improve intersecting streets at different times and assess abutting property owners for each improvement, then it may improve intersecting streets at the same time, but under separate resolutions and assessments, without violating the statute. Without doubt, a corner lot is subject to assessment for the improvement of two intersecting streets. *Harris v. Evans*, 196 Iowa 799; *Durst v. City of Des Moines*, 164 Iowa 82; *Morrison v. Hershire*, 32 Iowa 271. See, also, *Nowlen v. City of Benton Harbor*, 134 Mich. 401 (96 N. W. 450); *Allen v. Krenning*, 23 Mo. App. 561.

In the *Durst* case, supra, two intersecting streets were paved, but the work was done in two consecutive years. Plaintiff, who was a corner-lot owner, commenced an action in equity, to have the later assessment set aside. He failed, for the primary reason that he did not avail himself of the legal remedy of appeal from the assessment. The opinion, however, does discuss the proposition involved in the instant case, in these words:

"Here, however, we have to consider two distinct streets which happen to intersect and a tract of land which happens to be situated at the intersection. In other words, it is a 'corner lot,' abutting at one end on one street, and at one side abutting upon the other street. * * * Each separate public improvement is to be dealt with on its own merits, and according to its own peculiar circumstances, and the limit of 25 per cent is to be applied in the case of each distinct improvement, without reference to other burdens which the property may have been compelled to bear for the construction of other improvements. That the paving of two different streets constitutes two distinct improvements we think is not open to serious doubt, and the fact

that the separate improvements may each operate to create like special benefits upon the same lot does not serve to effect their coalescence into a single improvement for the purposes of the statute limiting the imposition of special assessments.''

The only distinguishing feature between the case at bar and the *Durst* case, supra, is the lapse of time between the two improvements. The interval of time is but an artificial test; and if, in fact and in law, the two projects constitute two independent improvements, they should not be viewed as a single improvement for the sole reason that the city has seen fit to provide and execute both improvements at the same time, or within a brief period of time. We discover no reason to impeach the judgment of the city council in this matter and to hold that a single resolution of necessity should have been adopted, covering the improvement of both streets. It is true that statutes relating to special assessments against abutting property are strictly construed in favor of the property owner. *Chicago G. W. R. Co. v. City of Council Bluffs,* 176 Iowa 247; *Rawson v. City of Des Moines,* 133 Iowa 514. This rule of construction finds no application, under the record before us. The amount of the assessment in the instant case is not challenged, except in the one particular, as contended by appellant, that the value of the lot should be viewed in the aggregate, for the purpose of making only one assessment. But the contracts as made were made for the improvement of two streets; and, upon the completion of the work under the contracts, the cost of the entire improvement as to each street, viewed as an entity, was ascertained and determined. We are not dealing with different classes of improvements upon the same street, and consequently the decisions relied upon by appellant are not controlling. *Bailey v. City of Des Moines,* 158 Iowa 747; *Chicago G. W. R. Co. v. City of Council Bluffs,* 176 Iowa 247; *In re Petition of Walter,* 75 N. Y. 354.

We conclude, therefore, that the trial court correctly ruled the proposition, and the decree entered is, therefore,—*Affirmed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.