## City of Williamsburg v. Perkins et al.

(Decided June 19, 1931.)

J. B. JOHNSON and A. M. CADDEL for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing.

This action was instituted in the Whitley circuit court by the city of Williamsburg, Ky., to enforce a street improvement assessment upon the property of the appellees.

Williamsburg is a city of the fifth class. The authority by which this lien is sought to be enforced is found in sections 3643-1 to 3643-12, Carroll's Kentucky Statutes. The improvements were made under what is commonly designated as the ten-year bond plan. The appellees, who were the plaintiffs below, are the owners of a parcel of real estate fronting and abutting on both Fifth street and Ridge avenue in the city. Their residence on this property faces on Fifth street. This property was purchased in three separate lots, but they were considered in the lower court as one lot, and are here considered as one. Fifth street and Ridge avenue converge into a common street just north of this lot. The apex, however, is occupied by a memorial. It fronts 144 feet on Fifth street and 142 feet on Ridge avenue. For several years the city of Williamsburg has engaged in considerable street improvement. As a part of that general plan, property has been assessed to pay for the improvement. In 1924, by duly enacted ordinance, the city improved Fifth street in front of appellees' property, and assessed his property for the improvement of 144 feet at $865.87. In 1928 the city by ordinance duly enacted ordered the improvement of Ridge avenue, which is on the back side of appellees' property, and pursuant to that order a concrete street was built along 142.3 feet of his property and an assessment of $604.89 made against the property. This he refused to pay. This action was instituted to enforce the payment of the improvement assessment, and, from a judgment dismissing the petition, the city appeals.

The appellees' defense to the petition set out two grounds: (1) That the property was worth not more than $1,000 and that only 50 per cent of the value of the property could be taken for the improvement, and that this assessment exceeded that limitation; (2) that, before the construction of Ridge street, there has been an improvement assessment on Fifth street costing $865.57, and that they were entitled a credit for that amount

before assessment could be made for this property. The answer further averred that the assessment as proposed by the city was confiscatory, and, upon a plea of spoilation, the court was asked to put a value upon this property as a basis of assessment. By agreement of the parties, it is admitted that all the ordinances were legal and regularly passed. The court placed a valuation of $1,750 upon the property, and for the purpose of this appeal that is admitted as the value of the property. The trial court held that under this valuation $875 was the limit that the city could assess against the property for street improvements. It further held that, in determining this amount, the assessment of $865.87 under the ordinance passed March 12, 1924, and a further sum of $65 for construction of sidewalks making a total of $930.87, should be credited upon this assessment, and, using the words of the judgment, ''It appears that a total amount which the city of Williamsburg could assess for street and sidewalk improvements is only $875.00 and that said defendants have heretofore paid on account of street and sidewalk construction the full sum of $930.87 on Fifth Street. It is now and hereby adjudged that the plaintiff is not entitled to recovery from said lot in this proceeding any sum or amount.'' The correctness of that judgment is before us for determination.

Section 3643-1 of the Kentucky Statutes reads in part as follows:

> ''The cost and expense incurred in constructing, reconstructing and laying sidewalks, curbing, streets, avenues, highways, public places, sewers, water-mains and connections with sewers and water-mains shall be paid out of the general fund of the town, or by the owners of lands fronting and abutting thereon, as the board of council may in each case determine; or the said council may order and direct that two-thirds only of said cost and expense so incurred shall be paid by the owners of the lands fronting and abutting said improvements and the other one-third paid by the city, but the local assessment, therefor, shall not exceed fifty per centum of the value of the ground after such improvement is made, excluding the value of buildings and other improvements upon the property so improved. Provided that an additional one dollar ($1.00) per front

and abutting foot may be assessed for the constructing and laying of water-mains as provided herein. Each subdivision or territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares on either or both sides by principal streets the ordinance providing for the improvement for such public ways shall be the depth on the side or sides not defined in the square fronting said improvement, to be assessed for the cost of making the same, according to the number of square feet owned by the parties, respectively, within the depth set out by ordinance.''

The assessments made against this property in 1924 for $930.87 and in 1928 for $634.80 is far in excess of the 50 per cent. of the valuation placed upon the land by the court and before us as the true valuation here. The assessments were made in less than five years. To make a plan for the payment of improvements, section 3643-1, provided that this might be done by assessment against the abutting property owners, but not to exceed 50 per cent of the valuation of his property. By section 3643-5, the city was entitled to issue bonds payable in ten equal yearly installments. By section 3643-9, a lien to insure these bonds was created on the abutting property. The limitations placed upon a city council in making these assessments was meant to protect the property owners from exorbitant or repeated assessments that would amount to confiscation of the property and to further safeguard the purchaser of the bonds by limiting their issuance to 50 per cent of the property improved.

The trial court held that the two assessments should be treated as one, fixing the amount that the city could assess, and, as that exceeded the limitation fixed by the statutes, it dismissed the petition. The city of Williamsburg contends that this property should be treated as corner property, or, if not corner property, then abutting on two principal streets, and as such should not be limited to a 50 per cent valuation independent of the charge against it for the other street, and cites City of Covington v. Schlosser, 141 Ky. 838, 133 S. W. 987, 988. In that case the court in a lengthy discussion said:

''Counsel for appellees insist that, when a city has assessed a corner lot for the improvement of the street or public way on either street in a sum equal to one-half

the value of the lot, it is thereby estopped from assessing against the lot the cost of improving the street or public way on the other street, and that the charge for constructing sewers is to be treated as a part of the improvement of the street or public way in determining the amount that may be assessed; while counsel for the city contends that the city has the power to charge a corner lot with the cost of street and public way improvements on each street to the extent of one-half the value of the lot, and in addition thereto with the cost of sewer construction. It will be observed that the issue between the parties is plainly defined, and that the proper solution of the questions presented depends on the construction of the foregoing statutes under which the assessments were made. If A. owns a corner lot fronting 100 feet on B. street and 100 feet on C. street, it is evident that A. received the benefits—whatever they may be—that grow out of the fact that his lot abuts on two streets. It may be that this fact in some instances will not add anything to the value of the property; but, whether this be so or not, it is nevertheless an undeniable proposition that his lot fronts on two streets, and so, when the city comes to improve B. and C. streets, it has the right to charge A. with the cost of the improvement of each of these streets. This proposition counsel for appellees do not question, but insist that the assessment against the lot for both streets cannot exceed one-half the value of the lot, without buildings or other improvements thereon. If this contention were sound, it would follow that if a corner lot abutting on B. and C. streets without any buildings thereon was worth, to illustrate, $200, and the improvements made on B. street assessed against the lot cost $100, the city could not charge this lot with any part of the cost of the improvements on C. street. The result of this would be that A., while getting the benefit of the improvements on C. street, would be exempt from liability from any part of their cost. The further result would be that if D. owned a lot that abutted on C. street 100 feet, adjacent to A.'s lot, he must bear his share of the burden of the improvement of that street, while A., although having the same frontage on C. street and enjoying equally with D. the benefit of the improvements, would not be taxed with any part of its cost. It seems to us that this would be an unjust discrimination against D. in favor of A. The theory upon which these local assess-

ments are made is that all lots fronting on the same street shall bear their proportionate part of the cost of the improvement of that street, and we are unable to perceive why A. should be exempt from the liability merely because his lot has been assessed to pay the cost of improvements on another street upon which it abuts. Nor do we find in the statute anything that would justify us in so holding. The statute provides that the city shall have the power to 'improve its streets or other public ways at the cost of the owners of ground fronting or abutting thereon.' It makes no distinction between corner lots and other lots. But if, in the illustration we have mentioned, A. was exempt from the cost of improving C. street, it is plain that the express purpose of the statute to charge owners of ground fronting on streets with the cost of improvements would be defeated, and A. would receive the same benefits and advantages as other owners fronting on C. street, without bearing any of the burdens. The fact that one street is improved at a cost not exceeding one-half the value of the lot does not deny the city the right to charge the cost of improving the other street against the lot to the extent of one-half of is value as each street is to be treated separately and entirely independent of the other street. The limitation upon the amount of the assessment applies only to the improvement of each street upon which the lot fronts. In no other way can the intention of the statute be carried out or equal justice be done between lot owners. In some instances, perhaps many, this may result in charging corner lots with improvements greatly in excess of one-half their value; but this condition is brought about by the location of the lot, and the burden is imposed because the lot enjoys the benefit of two streets and therefore should be charged with the improvement of each of thm. The principle we have announced was virtually settled in Rich v. Woods, 118 Ky. 865, 82 S. W. 578, 26 Ky. Law Rep. 799, where it was said:

" 'A lot fronting on two streets has more advantages, and consequently more value, than if it fronted on one only. As equality of public burdens is a cardinal consideration in their imposition, it must follow that the lot that gets twice as much advantage from a public improvement as another must pay twice as much of the cost of the improvement as the latter. . . . If this lot then fronts on

166

two or more streets, each of which must needs be improved as a whole, or for a considerable distance passing his property, he must contribute ratably with his neighbors in doing the work, although as a matter of fact some parts of the work cannot be shown to be of actual and direct benefit to his abutting property.' ''

The conclusion of the court was in this language:

''That, when a corner lot is assessed for the cost ,of 'improving the streets or other public ways' upon one, street upon which it abuts, the cost of this improvement is not to be considered in estimating the charge that may be made against the lot for improving the other street on which it abuts. But the cost of improving each street, independent of the other, cannot exceed one-half the value of the ground, after the improvement is made, 'excluding the value of the buildings and other improvements upon the property so improved.' '' To the same effect are the cases of City of Latonia v. Carroll, 151 Ky. 165, 151 S. W. 400, 401; City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709. In the Carroll Case, supra, the court said: ''The city had authority to assess against the owner of a corner lot an amount not exceeding one-half of the value for the improvement of each street, independently of the charge against the other street.''

Under the title of Municipal Corporations, 44 Corpus Juris, sec. 3078, it is said:

''As elsewhere shown it is generally held that a corner lot may be assessed for improvements made upon either street upon which it abuts, and, while there is some authority to the contrary, the better view is that this rule is not affected by the existence of a statute limiting the assessment to a certain percentage of the value of the property assessed and that corner lots may be assessed for the improvement of each street up to the statutory limitation.''

The text is supported by Covington v. Schlosser, supra; Rich v. Woods, 118 Ky. 865, 82 S. W. 578, 26 Ky. Law Rep. 799; Miller v. Sheldon, 198 Iowa, 855, 200

N. W. 341, 342; Durst v. Des Moines, 164 Iowa, 82, 145 N. W. 528, 532; Ross v. Barber Asphalt Co., 158 Cal. 37, 109 P. 833; Allen v. Krenning, 23 Mo. App. 561; Town of Oneida v. Pemberton, 157 Tenn. 624, 12 S. W. (2d) 389.

In the Durst Case, supra, the court said:

> "In other words, each separate public improvement is to be dealt with on its own merits, and according to its own peculiar circumstances, and the limit of 25 per cent is to be applied in the case of each distinct improvement, without reference to the other burdens which the property may have been compelled to bear for the construction of other improvements."

That the paving of two different streets constitutes two different improvements we think is not open to serious doubt, and the fact that each separate improvement may create like separate benefits upon the same lot does not serve to affect their coalescence for a single improvement for a statutory limitation of a special assessment.

In the case of Miller v. Sheldon, supra, the court said:

> "Without doubt a corner lot is subject to assessment for improvements of two intersecting streets. Harris v. Evans, 196 Iowa, 799, 195 N. W. 178; Durst v. City of Des Moines, 164 Iowa, 82, 145 N. W. 528; Morrison v. Hershire, 32 Iowa, 271."

See, also, Nowlen v. City of Benton Harbor, 134 Mich. 401, 96 N. W. 450.

It appears that the majority rule of the courts of other jurisdictions is in harmony with the rule announced by this court in the Schlosser Case, which is cited extensively. It will be seen from an examination of the authorities that the inhibition of the statutes limiting assessments, under statutes similar to ours, does not apply, where the assessment is for the improvement of two separate streets. The limitation applies for the improvement of each separate street, independent of the other, and may assess 50 per cent of the value of the property on either street independent of the other. In this case the city of Williamsburg may tax appellant's property 50 per cent of its value for the improvements

of Fifth street and 50 per cent for the improvement of Ridge avenue. At first impression this appears to be an unbearable hardship upon owners of property. The broad construction affords a great advantage to the general public, for whose benefit it was enacted, rather than for the benefit of the original property owners. This property fronts and abuts on both these streets.

The improvements of these streets undeniably enhance the value of the property. The city has the right under the law to compel property owners to pay for these improvements. It was the intention of the Legislature, in the enactment of this statute, to make a complete plan for improvements of city streets, distributing the burden equally and proportionately on fronting and abutting property. The appellant's property must share its burdens with other property owners on Fifth street. Equally true, it must bear its burden with other property owners on Ridge avenue. If such were not the case, it would be impossible to put into operation the statute. Otherwise there would be no property to be assessed and no revenues obtainable to improve this immediate portion of Ridge avenue.

It is also argued that the first assessment for the improvement of Fifth street exceeds the statutory limitation on that street. With that contention we are not interested, since that is not the question before this court for determination. In so far as the record discloses, that assessment was paid without protest, and appears in this record only as a matter of calculation, in making up the aggregate of different assessments against this property. The assessment before us for the improvement of Ridge avenue does not exceed 50 per cent of the value of the property as fixed by the court. We are convinced that the assessment for Ridge avenue is valid and collectable by the city.

In view of the above conclusions, we are of the opinion, and therefore hold, that the circuit court erred in dismissing the appellant's petition, and for that reason the judgment is reversed, with direction to enter judgment not inconsistent with this opinion.

Whole court sitting.