PEARL HUSSON et al., Appellants, v. CITY OF OSKALOOSA et al., Appellees.

No. 47420.

(Reported in 37 N. W. 2d 310)

MAY 3, 1949.

Lake M. Crookham and Life & Davis, all of Oskaloosa, for appellants.

Robert J. Spayde, of Oskaloosa, for appellees.

WENNERSTRUM, J.—The three plaintiffs herein are owners of property in Oskaloosa, Iowa, which properties are subject to assessment by virtue of a soil-cement-paving project. They seek to enjoin the defendant City and the defendant construction company from proceeding further with the proposed improvement. They also ask that an order be issued expunging the liens filed by the city against the real estate charged with the cost of the contemplated improvements. The petition further seeks an injunction to prohibit the officials of the city from letting contracts in connection with other street improvements proposed to be made. They will be commented upon later. The plaintiffs contend that the defendant City has acted illegally, inequitably and in a discriminatory and oppressing manner to their injury in connection with the several contemplated improvements. The trial court found for the defendants and held that there was no ground or basis for injunctive relief. The plaintiffs have appealed.

The appellees are the City of Oskaloosa, the Mayor and City Council of that municipality, and the Gee Construction Company which had contracted with the city to construct the soil-cement work. It appears that the city officials at the time the issues herein developed had given or were giving consideration to a general survey of the needs for surfacing and improving certain streets. At the time of the preliminary consideration of the proposed improvements a general meeting was held at the city hall for the consideration and discussion of the entire program. This was in May 1947. At this meeting comments were made by various interested parties including objectors. Later study was made of the streets proposed to be included in the various projects and the several types of contemplated construction. It appears that the City Council, after a study of the entire proposed program, determined that there should be four different types of improvements affecting different streets. One was to be a soil-cement-paving project, the second was to be of a re-

inforced concrete-paving nature, the third was the construction of a curb and gutter on certain streets with a rock-street base and the fourth involved the widening of certain streets, the putting in of new curbs and gutters and necessary additional pavement. There is no issue raised in the present case concerning the last two projects and they are in no way involved in this litigation except as the appellants have sought to include them in their general plea for equitable relief.

The entire cost of the soil-cement-paving project was to be assessed against the adjacent property owners and was to be made a lien upon the affected property. The reinforced concrete-paving program was to be paid through assessment, to the extent that the law permits, but it developed that approximately one half was to be paid by the city and other half by the benefited property owners who are subject to assessment. The curb and gutter project provided for the installation of curb and gutters on certain streets with a rock surfacing of the streets involved. The curb and gutter cost was to be paid by assessment, but the city was to assume the expense of the rock surfacing of the street.

The soil-cement project was instituted by the offering of a resolution of necessity at a meeting of the City Council on July 25, 1947. Plats, schedules, plans, and specifications for this particular work were prepared and a hearing on this matter was set for August 15, 1947. Notice of the hearing was published on July 29 and 30, 1947. At the August 15 hearing written, as well as oral, objections were presented. Following this hearing the council gave consideration to the objections made, considered the percentage of property owners subject to assessment and thereafter an amended resolution of necessity for soil-cement paving was passed. It is contended that no street which had fifty per cent of the property owners subject to assessment as objectors was included in this improvement program. This project was thereafter ordered to be constructed at a meeting of the City Council on August 18, 1947 and the consideration of proposed contracts was set for September 5, 1947 and notice to bidders was thereafter published. A few days prior to September 5, 1947 the appellant herein, Elmer Johnson, along with W. F. Rhinehart and Bertha F. Life, who are not parties to this action, caused

a writ of certiorari to be issued to the defendant City by virtue of a petition which alleged that the city had acted illegally and had exceeded its jurisdiction in adopting the soil cement resolution of necessity. The proposed contract letting set for the latter date was not held. Upon the submission of this writ of certiorari to the district court it was annulled and thereafter an appeal was taken to this court by the affected parties. The appeal was not perfected and consequently was dismissed on March 8, 1948. Following this date the City Council readvertised for bids and the appellee Gee Construction Company presented a bid which resulted in a contract entered into on April 6, 1948.

Relative to the reinforced concrete-paving program the record discloses that a final and definite plan for this type of construction for certain designated streets was not completed until January 1948. On February 18, 1948 the resolution of necessity with plans, specifications, plats, and schedules were presented to the City Council and notice was thereafter given of a hearing to be held on March 12, 1948. At this hearing the resolution of necessity was adopted without any objections on the part of property owners who would be subject to an assessment. Thereafter a notice under Code section 23.2 was given indicating a part of the cost of the improvement would be borne by the city. A notice was thereafter published to bidders and one bid was received but not accepted because it was deemed that it was too high.

The appellants present numerous grounds for reversal but in their brief they summarize the issues on this appeal as follows: (1) Did the appellee City fail to comply with the law in connection with the projects involved? (2) Is the contract with the Gee Construction Company legal? There is a third issue presented in this appeal to the effect that the contract of Harry E. Cook, the consulting engineer, who has a contract contingent upon the amount of money expended, is against public policy. It is maintained that this last question was not raised by the pleadings, was not considered by the trial court and is not subject to consideration by this court.

The appellants herein, through their petition, presented to the trial court issues which related not only to the soil-concrete

project which affects their property but also the reinforced concrete program which pertained to streets on which their property was not located. It appears to be their complaint that they, as general taxpayers, will be affected by the necessity of the city paying any excess costs for this later type of paving over and above that which may be legally assessed against the properties affected. It was their further complaint that proper and sufficient notices were not given which would advise the appellants as general taxpayers of the necessity on the part of the city to provide for the excess cost of this paving by the issuance of bonds. It is further asserted in argument that the soil cement type of paving would result in an assessment in excess of $7.00 per lineal foot against the claimed benefited property while the cost to be assessed for the proposed reinforced concrete paving against the claimed benefited property was approximately $5.32 per lineal foot.

I. The improvement program which included the four projects heretofore referred to was initiated under separate and distinct assessment proceedings. They are not one improvement. It may be true that there was a general consideration given to an over-all program but it is very apparent from the record that each project was a separate and individual one.

Although the case of Durst v. City of Des Moines, 164 Iowa 82, 91, 145 N.W. 528, 532, does not involve a general complaint such as the appellants have here presented yet in that case the statements therein made have application to the issues here involved. It is there stated:

"* * * each separate public improvement is to be dealt with on its own merits, and according to its own peculiar circumstances * * *. That the paving of two different streets constitutes two distinct improvements we think is not open to serious doubt, and the fact that the separate improvements may each operate to create like special benefits upon the same lot does not serve to effect their coalescence into a single improvement for the purposes of the statute limiting the imposition of special assessments."

In the instant case there is no claim of two special assess-

ments but there appears to be the claim that the appellants' property will not only be assessed for the improvements affecting their property for paving of what is called an inferior type but they will also be affected as general taxpayers for the cost of improvements on other streets for what is claimed to be a more substantial and better type of paving where the assessment would not be sufficient to pay the entire cost and a general bond issue would result. We are of the opinion that the statements made in the Durst case have application by analogy to the complaints made by the appellants. For a holding of a somewhat similar character see Miller v. City of Sheldon, 198 Iowa 855, 858, 200 N.W. 341.

II. Complaint has been made as to the general procedure followed in initiating and completing the proceedings relative to the soil-cement project and the reinforced concrete-paving program. If the proceedings are absolutely void injunctive relief will lie. If not absolutely void but merely voidable the statutory remedy is by filing objections before the city council, and, if necessary, by later appeal. Sections 391.53 and 391.88, 1946 Code; Manning v. City of Ames, 192 Iowa 998, 1000, 184 N.W. 347; Simpson v. Board of Supervisors, 180 Iowa 1330, 1341, 162 N.W. 824.

In Clifton. Land Co. v. City of Des Moines, 144 Iowa 625, 629, 123 N.W. 340, 342, we stated:

"Save only in cases where the order or proceedings sought to be enjoined is absolutely void—not voidable merely—it is well settled that a special remedy created by statute is exclusive as to all the controversies coming within its scope, and if a party to whom such remedy is given fails to take advantage of it, he cannot resort to equity for relief. Code, sections 823, 824, 829; Nixon v. Burlington, 141 Iowa, 316; Reed v. Cedar Rapids, 137 Iowa, 107; Andre v. Burlington, 141 Iowa, 533; Owens v. Marion, 127 Iowa, 469; Railroad Co. v. Lindquist, 119 Iowa, 144; Stevens v. Carroll, 130 Iowa, 463. The remedy by appeal was broad and ample, the district court being given by the statute * * * full power to hear and try every objection properly raised, and to set aside, vacate, or modify the assessment complained of, and

generally to make such order as the city council ought to have made in the premises."

The appellants herein have sought by injunction to restrain not only the soil-cement-paving project but also the reinforced cement-paving program. As heretofore stated an injunction will not be granted to restrain proceedings of an inferior body unless it be shown that they are wholly void. We have examined the record in this case and find there is no basis for holding that the proceedings herein are void, and consequently no injunctive relief can issue.

III. The municipality, through its council, has statutory authority to initiate proceedings for the soil-cement-paving project. There is no showing of fraud in any degree in connection with this portion of the paving program and by virtue of the failure of proof of a fraudulent proceeding there is no basis for injunctive relief. It is suggested that one of the councilmen's affirmative vote on one of the projects was obtained by fraud. His testimony does not justify such a conclusion. It is also maintained that there was fraud and discrimination in assessing the full cost of one of the projects against appellants while as general taxpayers they are required to bear part of the expense of the other street improvement. This does not justify a holding that fraud was practiced. These projects, as previously stated, are separate and distinct. The complaints made relative to the notices given concerning the several hearings are not justified and it cannot be said there was fraud in that respect. In the case of Brush v. Incorporated Town of Liscomb, 202 Iowa 1155, 1156, 1157, 211 N.W. 856, 857, we stated:

"Where a city or town is vested with the power to make improvements * * * the necessity for making a given improvement is a matter for the exclusive determination of the council; and when it acts within the authority given it, and its determination is made without fraud or oppression, it cannot be interfered with by the courts. Dewey v. City of Des Moines, 101 Iowa 416; Denny v. Des Moines County, 143 Iowa 466; Central L. A. Soc. v. City of Des Moines, 185 Iowa 573; Bennett v. City of Marion, 106 Iowa 628; Kemp v. City of Des Moines, 125 Iowa 640."

IV. Appeal is the proper procedure in the absence of a showing of fraud or a showing of want of jurisdiction. Lundberg v. City of Lake City, 194 Iowa 136, 138, 187 N.W. 438.

V. It is the contention of the appellants that the notices of hearing on the resolution of necessity for the reinforced concrete paving were insufficient to apprise the general taxpayers of the proposed improvements. The appellants are not property owners who will be subject to special assessment for this particular street improvement.

Section 391.22, 1946 Code, provides for a hearing "* * * at which time *the owners of property subject to assessment for the proposed improvement* * * * may appear and make objection * * * to the cost of improvement * * * and to the passage of the proposed resolution." (Italics supplied.)

█ Inasmuch as the appellants are not property owners subject to assessment for the reinforced concrete paving they do not have a statutory right to appear and object to this particular resolution of improvement. However, it is shown that in the notice of hearing on this particular project it stated that the costs not paid for from special assessment would be provided from the city-improvement fund, the general fund, "or from funds derived from the issuance and sale of any bonds which are by law permitted to be issued for such purpose." The appellants did not appear to object to this particular project but served notice on the city officials of the action here reviewed.

█ It is shown that no appeal has been taken from the hearing had and action taken by the city council as provided in section 23.4, 1946 Code. This particular section gives interested objectors the right to appeal to an appeal board provided by statute where claimed interested persons are affected. Under the record we hold that the appellants are in no position to now object to the proposed reinforced concrete-paving improvement.

VI. In the appellants' brief and argument there is set out as one of the issues presented on this appeal the question whether the contract with the Gee Construction Company is legal. In the appellants' petition filed in the district court it is alleged "that if contracts for paving * * * were made, bonds issued and indebtedness against the City of Oskaloosa incurred under said

procedure would be illegal and contrary to the laws of Iowa * * * that the said defendants have no jurisdiction or authority to let such contracts * * * and if contracts were established, the same would be illegal and void." In an amendment to appellants' petition it is alleged that the contract entered into with the Gee Construction Company exceeds over ten per cent the estimate of cost and is therefore illegal and void and that this excess cost over estimate is over $5000, which the general taxpayers will be required to pay. It is further alleged that no hearing has been had by the city for the expenditure of the funds by the general taxpayers as provided in chapter 23, 1946 Code.

As to the last referred to complaint the record shows that notice of a hearing on April 5, 1948, of the proposed concrete-paving improvement was published in the Oskaloosa Herald on March 19, 1948. This notice is set out, in part, in Division V. In the council proceedings of April 5, 1948, it is shown that section 23.3, 1946 Code was called to the attention of persons there present. No appeal has been taken from the action of the council at that hearing as previously stated.

We hold that the notice as provided under chapter 391, 1946 Code and chapter 23 was given. We further hold that there is no basis for the complaint relative to the contract as made by the appellants.

VII. We make no comment and finding concerning the claimed contingent contract with Harry Cook, the consulting engineer. The pleadings presented did not raise an issue as to this contract and therefore it is not properly before us for review. Where the pleadings do not raise the question commented on by appellants we cannot and should not pass upon a claimed issue merely because a claimed illegal contract is in evidence.

We therefore affirm.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.