## City of Latonia v. Carroll.
## City of Latonia v. Hannigan.

(Decided December 11, 1912.)

Appeal from Kenton Circuit Court
(Chancery, Common Law & Equity Division).

1. Municipal Corporations—Street Improvements—Local Assessments—Corner Lots.—Under a statute providing that the city has a right "to improve its streets or other public ways at the cost of the owners of ground fronting or abutting thereon," and that the cost of such improvements shall not exceed one-half the value of the ground after the improvements are made, excluding the value of buildings thereon, the city has the authority to assess against the owner of a corner lot an amount not exceeding one-half its value for the improvement of each street, independently of the charge against the other street, and independently of an assessment for the construction of sewers, not exceeding one dollar per front foot of the abutting property.

2. Municipal Corporations—Street Improvements—Local Assessments—Corner Lots—Judgment—Error—Reversal.—Where in an action to enjoin certain street improvement and sewer assessments on the ground that they exceed one-half of the value of the lots assessed, the pleadings and proof show that the lots are corner lots, and the city therefore has authority to assess for street improvements against said lots an amount not exceeding one-half their value after the improvement of each street, independently of the charge for improvements on the other street, and independently of assessments for sewer construction, and the chancellor, disregarding the fact that they were corner lots, and taking into consideration all the assessments on both streets, as well as the sewer assessments, adjudges the assessments invalid to the extent that they exceed one-half the value of the ground after the improvements were made, such judgments are erroneous and will be reversed at the cost of plaintiff, notwithstanding the failure of the city to make an affirmative defense based on the fact that the lots were corner lots.

JOHN E. SHEPARD, STEPHENS L. BLAKELY for appellant.

LESLIE T. APPLEGATE, LEWIS L. MANSON and WALKER C. NALL for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The questions involved in these two cases are the same, and will be considered in one opinion. During the time that the city of Latonia was a fourth class city, appellees were the owners of corner lots located in that city. The city of Latonia made certain street, sidewalk and sewer improvements, abutting on and lying along the lots in question, and assessed and levied the cost thereof against the lots as provided by the charter of cities of the fourth class. Appellees brought these actions against the city of Latonia to restrain it from collecting the assessments in excess of one-half the value

of the lots. It was charged in the petition that the charter of the city of Latonia limited the amount that might be assessed against each lot to one-half the value thereof, and that it had unlawfully assessed their respective lots in an amount in excess of the sum allowed to be assessed by the statute. A demurrer to each of the petitions was overruled. The city of Latonia then filed an answer in each case denying the value of the lots as set forth in the petition, and denying that it could assess against said lots only the amount which the respective petitions alleged could be assessed. Proof was heard as to the value of the lots. On final hearing, the chancellor adjudged all the improvement taxes in excess of one-half the value of the lots as fixed by him to be void. Since the filing of these actions, the city of Latonia has been annexed to and become a part of the city of Covington. To reverse the judgments entered by the chancellor, the city of Covington has prosecuted these appeals in the name of the city of Latonia.

The precise questions herein involved were before this court in the cases of City of Covington v. Schlosser, City of Covington v. Mason and City of Covington v. Connors, 141 Ky., 838, where it was held that under a statute providing that the city had the right ''to improve the streets or other public ways at the cost of the owners of ground fronting or abutting thereon,'' and that the cost of such improvements should not exceed one-half the value of the ground after the improvements were made, excluding the value of buildings thereon, the city had authority to assess against the owner of a corner lot an amount not exceeding one-half of the value for the improvement of each street, independently of the charge against the other street. It was also held that sewers are not included in the words ''streets or public ways,'' and that the limitation upon the cost of improving streets or public ways, contained in the charter of cities of the fourth class, did not include sewer construction, and that for this an additional charge could be made under the statute authorizing an assessment not exceeding one dollar per front foot of the abutting property for the construction of sewers. The only difference between the above cases and the cases under consideration is that in the former the attorney for the city made the affirmative defense that the lots were corner lots, and that the city had authority to assess said lots in an amount not exceeding one-half of its value for the

improvement of each street, independently of the charge against the other street, and independently of the charge for sewers; whereas, in the cases at bar the only defense made by the city, after its demurrers were overruled was as to the value of the lots owned by appellees.

It is insisted by counsel for appellees that as no affirmative defense was made by the city, based on the fact that the lots were corner lots, and that as the petitions were good in part and therefore not demurrable, there should be no reversal of these cases. As appellees, however, are seeking to enjoin the collection of improvement taxes on the ground that they were void, it was necessary for them to plead and prove facts showing that they were entitled to the relief asked. Their petitions show that the lots in question are corner lots, and that these lots were assessed for street and sewer improvements on each street. The same facts are shown by the proof. The chancellor, disregarding the rule that the city had the right to assess against the owner of a corner lot an amount not exceeding one-half of its value for the improvement of each street, independently of the charge against the other street, and independently of the charge for sewer construction, adjudged that all the improvement and sewer construction assessments in excess of one-half the value of each of the lots were void. That being true, it follows that the judgments are necessarily erroneous, and being erroneous, they should be reversed at the cost of appellees.

Wherefore, the judgment in each case is reversed, with directions to proceed in conformity with this opinion.