# City of Ashland v. Serey.

(Decided November 10, 1931.)

JOHN T. DIEDERICH for appellant.

WOODS, STEWART, NICKELL & SMOOT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

James G. Serey, trustee, owns lot No. 29, which is situated on the corner of Liberty and Main streets in the city of Ashland. It is an unimproved lot, and abuts on Liberty street for a distance of 50 feet, and on Main street for a distance of 102½ feet. The two streets were improved by original construction, and the cost thereof was assessed against the abutting property owners. The improvement was ordered and made under the same ordinance. All the work was done and accepted, and the cost apportioned at the same time. The Liberty street assessment on the lot in question was $327, and the Main street assessment was $924.83. The statutes provide, in substance, that an assessment for a street improvement which exceeds one-half of the value of the lot after the improvement is made is void as to such excess. Kentucky Statutes, sec. 3096. In this action to enforce the two improvement liens, the owner defended on the ground that the assessment was confiscatory. It was stipulated that the value of the lot after the improvements were made was $400. The chancellor awarded the city a lien for only $200, and the city appeals.

Recently we had occasion in City of Williamsburg v. Perkins, 240 Ky. 160, 41 S. W. (2d) 915, to review the authorities on the question, and, following the rule laid down in Rich v. Woods, 118 Ky. 865, 82 S. W. 578, 26 Ky. Law Rep. 799; Covington v. Schlosser, 141 Ky. 838,

133 S. W. 987; City of Latonia v. Carroll, 151 Ky. 165, 151 S. W. 400; City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709, and in numerous cases from other courts, we held that corner lots may be assessed for the improvement of each street up to the statutory limit. But the point is made that those cases are not controlling, as the improvements were made at different times, while in the case before us both streets were improved under the same ordinance and at the same time. We do not regard the difference as material. The basis of the rule is that each of the two streets is a separate and distinct unit, and that the improvement of one is wholly independent of the other. That being true, the mere fact that they are both improved under the same ordinance, and at the same time, cannot have the effect of making them one street, or of merging the two improvements into one. On the contrary, the two streets as well as the two improvements, still retain their distinctive character. Following this view, the court applied the rule in City of Latonia v. Carroll, supra, where all the improvements were made at once. We are of the opinion, therefore, that the city is entitled to a lien for $200 for the Main street improvement, and also a lien for $200 for the Liberty street improvement, and such should have been the judgment of the court.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.