# City of Louisville v. Colby et al.

(Decided Feb. 11, 1936.)

MARK BEAUCHAMP and J. WARD LEHIGH for appellant.

. WILSON W. WYATT, PETER, HEYBURN, MARSHALL & WYATT and O. G. EVERBACH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The judgment in this case adjudges the appellee Geo. M. Eady Company a lien in the sum of $281.25, with interest from December 18, 1929, upon a lot in Louisville owned by the appellee, L. F. Colby, to satisfy street improvement warrants. The city in the appeal contends the lien should be for $386.25.

The statutes governing the five classes of cities other than the first class provide for the apportionment of the cost of original street improvements to property abutting thereon on a front foot basis, but the statute governing cities of the first class provides for the apportionment of such costs to property within the quarter square bounded by two intersecting streets on a square foot basis. Section 2833, Kentucky Statutes. The property involved fronts on First street and its line nearest to Kenton street is 76 feet distant, but it is wholly within the quarter square bounded by those intersecting streets.

By separate ordinances of August 23, 1928, both of these streets were ordered paved. The contracts were let to the appellee Geo. M. Eady Company, and the work was accepted by the city October 18, 1929. An apportionment warrant for $372.18 covering the cost of First street was issued December 11, 1929, and one for $105 for the cost of Kenton street was issued

December 18, 1929. The total is $477.18. But the appraised value of the lot after the improvements were made was only $375.

Section 2834 of the Statutes contains this limitation and provision:

"Provided, further, that whenever in any action to enforce such lien, it shall be pleaded by the owner of any property and the court shall find that the amount apportioned against the property is greater than seventy-five per cent (75%) of its value, the court shall determine what is seventy-five per cent of such value, and adjudge a lien for that amount and interest, and the city shall pay the balance of the amount so apportioned out of the fund for general purposes."

Treating each street improvement separately, the result would be:

(1) Apportionment warrant for First St. $372.18
    75% of appraised value ($375)........ 281.25

City to pay................................$ 90.93
(2) Apportionment warrant for Kenton St. $105.00
    Less than 75% of appraised value......
Total assessment and lien (principal).....$386.25
Against entire value of lot ..............$375.00

The learned chancellor regarded as statutory authority for relieving the owner of spoilation this provision of section 2834: "but the legislative body, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned." Thereupon he combined the assessments and adjudged a lien for only 75 per cent. of the appraised value, namely, $281.25, leaving $195.93 for the city to pay.

The quoted clause follows the declaration that an error in the proceedings of the legislative body shall not exempt the property from payment after the work has been done as required by the ordinance or the contract. It seems to us this has reference to doing justice in the matter of ascertaining the true cost and making equitable distribution of the expense over the property liable, although there may have been some technical defects in the procedural steps, and it was

not intended to authorize a variation from the provisions regarding the fact and extent of legal liability established by the statute. It is stated explicitly that a lien shall exist against the property whose value is enhanced—in fact or in theory—for the entire cost with the proviso that the owner may show that it exceeds 75 per cent. of the appraised value and thereby relieve the property of the lien in excess of that proportion.

The question is: When property has been charged with 75 per cent. of its value for the improvement of one street, is it chargeable to the same extent for the improvement of another street under the same terms, thereby making it subject to a double lien equivalent to 50 per cent. more than its appraised value?

In so far as a corner lot abutting on both streets improved is concerned, it is not an open question. In harmony with other courts, we hold that each of the two streets is a separate and distinct unit, and the improvement of one is independent of the other; the property being chargeable with the improvement of both. City of Covington v. Schlosser, 141 Ky. 838, 133 S. W. 987; City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709; City of Williamsburg v. Perkins, 240 Ky. 160, 41 S. W. (2d) 915; City of Ashland v. Serey, 241 Ky. 65, 43 S. W. (2d) 342. The reasoning of those opinions need not be repeated. It is true that in each of those cases a corner lot was involved and the limit of the assessment was 50 per cent. of the value for each street. But so far as relative location is concerned, there is no difference where the statute places the expense upon all lots within the quarter square. In respect of the percentage, it is suggested that since the basis of apportionment is the area of the entire section and a greater number of lots are thereby affected, the consequence is a broader distribution and a reduction in the ratable cost to each owner than on a frontage basis. In both conditions it is a matter of equality of public burden upon the basis of individual benefit. This method tends to impose the same burdens upon interior as on corner lots. However that may be, it is the legislative decree. The reasoning supporting the conclusions in reference to corner lots where there is a hundred per cent. assessment is in every way applicable to the present situation and case.

Therefore the judgment is reversed for proceedings consistent with the opinion.