## Ward et al. v. City of Louisville et al.

## Henry Bickel Co. et al. v. Same.

March 12, 1940.

James Garnett, Judge.

James P. Gregory and Joseph Lazarus for appellants.

H. O. Williams, Edwin C. Willis and R. Boyd Robertson for appellee City of Louisville.

Wm. F. Clarke, Jr., for appellee Henry Bickel Co.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This litigation involves two assessments for street improvements against the property of J. W. Ward and Lee L. Simons under Sections 2833 and 2834 of the Statutes. The following limitation in Section 2834 is involved:

> "* * * provided, further, that whenever in any action to enforce such lien, it shall be pleaded by the owner of any property and the court shall find that the amount apportioned against the property is greater than seventy-five per cent (75%) of its value, the court shall determine what is seventy-five per cent of such value, and adjudge a lien for that amount and interest, and the city shall pay the balance of the amount so apportioned out of the fund for general purposes."

The City first brought suit under Section 2839 of the Statutes for the benefit of the Bickel Company for the improvement of Fairmont Avenue. Subsequently the Breslin Company became a party to the litigation by virtue of an assessment for the improvement of Wilder Avenue. The first assessment was $1,513.13 and the second was $1,057.22. From each amount the City deducted 30 per cent under its PWA grant agreement with the United States Government. The property owners answered, relying upon the 75 per cent limitation in Section 2834 of the Statutes, and pleaded that the City was liable for the assessments above that amount. They also made the plea that the 30 per cent grant from the Federal Government should be credited on their 75 per cent assessment.

The question of spoliation was referred to the master commissioner and the property in question was appraised at $775. No question is made as to that appraisal. The City filed an amended petition in which it

alleged that the 30 per cent grant was made pursuant to a contract with the United States of America and that it was expressly stated therein that the amount received from the PWA was to "aid the City of Louisville, Jefferson County, Kentucky, in financing 199 projects, of which 195 are original street paving," and that the City properly credited the assessments on the property in question. The property owners subsequently filed an answer to the cross petition in which they asserted that the assessments were greater than 75 per cent of the value of the property and that those assessments should be credited by the 30 per cent PWA grant. The City replied, denying that such a credit should be made. There was no denial on the part of the property owners that the City entered into the alleged contract with the Federal Government for the PWA grant. The chancellor adjudged that the 30 per cent grant, as expressly stated in the contract between the City and Federal Government, was to aid the City in financing the original construction of Fairmont and Wilder Avenues, and that the respective assessments against the property should be credited accordingly. The judgment set forth that the Fairmont Avenue assessment after crediting the 30 per cent grant amounted to $1,059.19 and the Wilder Avenue assessment was $740.05. It was further adjudged that the property owners pay the sum of $581.25 (three-fourths of $775) on each assessment and that the City pay the balance of each assessment.

On appeal, the constitutionality of Section 2834 of the Statutes is attacked, and it is insisted that the 30 per cent grant should be credited on the assessment against the property owners. The City and the Construction Companies point out that the constitutional questions are raised in this Court for the first time. They cite the case of Benefit Association of Railway Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682, to the effect that a question of law which is not presented to or passed upon by the trial court can not be raised here for the first time. Be that as it may, we think the case of City of Louisville v. Colby, 262 Ky. 578, 90 S. W. (2d) 1036, 1037, disposes of all the questions raised, with the exception of that relating to the method of crediting the 30 per cent grant.

An examination of the record in the Colby case re-

veals that some of the same complaints were made therein as are presented here. In that case it was said:

"The question is: When property has been charged with 75 per cent. of its value for the improvement of one street, is it chargeable to the same extent for the improvement of another street under the same terms, thereby making it subject to a double lien equivalent to 50 per cent. more than its appraised value?

"In so far as a corner lot abutting on both streets improved is concerned, it is not an open question. In harmony with other courts, we hold that each of the two streets is a separate and distinct unit, and the improvement of one is independent of the other; the property being chargeable with the improvement of both. [Citing cases.] The reasoning of those opinions need not be repeated. It is true that in each of those cases a corner lot was involved and the limit of the assessment was 50 per cent. of the value for each street. But so far as relative location is concerned, there is no difference where the statute places the expense upon all lots within the quarter square. In respect of the percentage, it is suggested that since the basis of apportionment is the area of the entire section and a greater number of lots are thereby affected, the consequence is a broader distribution and a reduction in the ratable cost to each owner than on a frontage basis. In both conditions it is a matter of equality of public burden upon the basis of individual benefit. This method tends to impose the same burdens upon interior as on corner lots. However that may be, it is the legislative decree. The reasoning supporting the conclusions in reference to corner lots where there is a hundred per cent. assessment is in every way applicable to the present situation and case."

As to the method of applying the 30 per cent grant from the Federal Government, we have noted that the City pleaded that its contract concerning those funds expressly provided that the purpose of the loan and grant was to aid the City in financing certain street improvement projects. There was no denial of this on the part of the property owners. They pleaded, however,

that the grant should be used to reduce their assessments. The City denied that such a credit should be made, and the chancellor set out in his judgment that the grant, as expressly stated in the contract between the City and the Federal Government, was to aid the City in financing the street improvement work in question. Under the circumstances it is our conclusion that the ruling of the chancellor on this point was correct, and we are disposed to and do follow it.

The last paragraph of the brief of the City and the Bickel Company is as follows: "In conclusion, we submit that the judgment of the lower court is correct in every respect." The Breslin Company adopted the brief filed by the City and the Bickel Company. Notwithstanding this, the record includes the following agreement and joint motion:

"Come J. W. Ward and Lee L. Simons, the City of Louisville, Henry Bickel Company and Breslin Construction Company, by their respective attorneys, and agree that the above styled appeal of Ward and Simons, the cross-appeals of Henry Bickel Company and Breslin Construction Company, and the original appeals of Henry Bickel Company and the Breslin Construction Company may all be submitted on the calling of these cases, and further agree that the time for filing briefs by the City of Louisville, Henry Bickel Company and Breslin Construction Company be extended to Friday, January 27, 1939."

A cross appeal was granted the Bickel and the Breslin Companies and the motion to hear the cases together was sustained. It is obvious from what has been said, however, that it is our conclusion that the judgment of the chancellor should be affirmed in respect to all the parties, and we so order.